NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4915

THE STATE EX REL. DIFRANCO, APPELLANT, *v.* THE CITY OF SOUTH EUCLID ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. DiFranco v. S. Euclid,* Slip Opinion No. 2015-Ohio-4915.]**

*R.C. 2323.51 and Civ.R. 11—Motion for sanctions for frivolous conduct was untimely and conduct was not frivolous—Court of appeals' judgment denying motion affirmed.*

(No. 2014-1761—Submitted June 23, 2015—Decided December 2, 2015.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 097713.

_____

**Per Curiam.**

{¶ 1} This is the second appeal to this court in an action that originated as a public-records mandamus case originally brought in the Eighth District Court of Appeals. The case was first appealed to us on the issues of statutory damages and attorney fees. We reversed the court of appeals' judgment on damages and

remanded the cause for a determination of damages under the proper statutory criteria, and we affirmed the court of appeals' denial of attorney fees. *State ex rel. DiFranco v. S. Euclid*, 138 Ohio St.3d 367, 2014-Ohio-538, 7 N.E.3d 1136 ("*DiFranco I*"). On remand, the court of appeals awarded relator-appellant, Emilie DiFranco, damages.

**{¶ 2}** Shortly thereafter, DiFranco filed a motion for sanctions against respondents-appellees, the city of South Euclid and its director of community services, Keith A. Benjamin, and against their attorney, claiming that they had engaged in frivolous conduct. The court of appeals denied that motion, and DiFranco's appeal from that judgment is now before this court.

**{¶ 3}** Because the motion was made out of time, and because the court of appeals did not abuse its discretion in denying the motion on the merits, we affirm.

**Facts**

**{¶ 4}** DiFranco filed a public-records mandamus case in the Eighth District Court of Appeals to obtain records she had requested from South Euclid. *DiFranco I*, 138 Ohio St.3d 367, 2014-Ohio-538, 7 N.E.3d 1136, ¶ 6-7. In the course of the litigation, appellees produced all the requested records, and the court of appeals granted appellees' motion for summary judgment. *Id*. at ¶ 1 and 2. The court of appeals denied DiFranco's request for statutory damages and attorney fees. *Id.* at ¶ 2.

**{¶ 5}** DiFranco appealed from the portion of the judgment denying damages and fees, and we found that she was not entitled to attorney fees but that she was entitled to damages under R.C. 149.43(C)(1), and we remanded the case to the court of appeals with instructions to determine damages. *DiFranco I* at ¶ 28-36.

**{¶ 6}** On remand, the court of appeals awarded DiFranco damages. Eighteen days later, DiFranco filed a motion for sanctions against appellees and their counsel. After a responsive memorandum was filed, the court of appeals denied the motion.

**{¶ 7}** DiFranco has appealed from that denial.

### Legal Analysis

**{¶ 8}** DiFranco's motion for sanctions was based on R.C. 2323.51 and Civ.R. 11. Specifically, she argues that appellees engaged in frivolous conduct—conduct causing unnecessary delay or a needless increase in the cost of litigation—in 2011 by representing to the court of appeals that they had produced all responsive records when they had not. Similarly, she asserted that appellees' counsel had violated Civ.R. 11 by submitting pleadings asserting that appellees had produced all the responsive records when they had not.

**{¶ 9}** We affirm the court of appeals' judgment primarily because under R.C. 2323.51, the motion for sanctions was filed out of time and could have been denied on that ground alone. Similarly, under Civ.R. 11, the motion was filed beyond a reasonable time. On the merits, the court of appeals was correct that appellees and their counsel did not engage in frivolous conduct in defending the public-records mandamus action, and therefore sanctions are not warranted.

*The timeliness of the motion for sanctions under R.C. 2323.51*

**{¶ 10}** R.C. 2323.51 sets a 30-day time limit from the date of final judgment in which a party may move for sanctions:

> (B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section and except as otherwise provided in division (E)(2)(b) of section 101.15 or division (I)(2)(b) of section 121.22 of the Revised Code, at any time *not more than thirty days after the entry of final judgment* in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.

(Emphasis added.) "The term 'final judgment' as used in R.C. 2323.51 is synonymous with the term 'final order' as defined by R.C. 2505.02." *Adams v. Pitorak & Coenen Invests., Ltd.*, 11th Dist. Geauga No. 2013-G-3129, 2013-Ohio-4102, ¶ 12, citing *Soler v. Evans, St. Clair & Kelsey*, 94 Ohio St.3d 432, 435-436, 763 N.E.2d 1169 (2002). As we stated in *Soler*:

> [T]he General Assembly manifested its intent that there be a cutoff time for this sanction to be imposed. This purpose is served by giving the aggrieved party the option of filing the sanctions motion at any time prior to trial or within twenty-one[1] days of the last judgment rendered in the case. This would assure that twenty-one days after the entry of final judgment, the proceedings would be over.

(Footnote added.) *Id.* at 436. In *Soler,* we agreed with the Seventh District Court of Appeals in *Olivito v. Cavanaugh*, 7th Dist. Jefferson Nos. 90-J-33 and 90-J-39, 1992 WL 398435, *13 (Dec. 30, 1992), which held that "the term 'judgment' should be interpreted as being synonymous with the term 'final order' as defined in R.C. 2505.02." In other words, the term "judgment" means a final, appealable order. *Soler* at 435.

{¶ 11} Moreover, in this case, the accusation of frivolous conduct involved the merits of the case; specifically, DiFranco accuses appellees and their counsel of deliberately and knowingly making the false statement that they had produced all responsive documents when they had not. The final judgment involving the merits of the case was the entry of September 26, 2012. The appeal from that judgment

---

[1] The version of the statute applicable in *Soler* had a 21-day cutoff rather than the current 30-day cutoff. Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, 3867, 3974, 3976.

to this court, *DiFranco I*, did not involve the merits, but involved only statutory damages and attorney fees. Allowing DiFranco to succeed on a motion for sanctions filed so long after the merits of the case had been decided would violate the statute and the policy behind it as articulated in *Soler*: "The plain meaning of the statute provides a means for an immediate judicial determination and a speedy sanctioning of such abuse." *Id*. at 436.

{¶ 12} We therefore affirm the court of appeals' rejection of the R.C. 2323.51 claim because the motion was untimely.

*The merits of the motion under R.C. 2323.51*

{¶ 13} However, even if the motion had not been untimely, we would affirm the court of appeals' denial of the motion under R.C. 2323.51. "On appeal, [this court] will not reverse a lower court's decision on whether to award sanctions under R.C. 2323.51 absent a showing of an abuse of discretion." *State ex rel. Bell v. Madison Cty. Bd. of Commrs.*, 139 Ohio St.3d 106, 2014-Ohio-1564, 9 N.E.3d 1016, ¶ 10, citing *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11. To prove such an abuse, the appellant must establish that the court of appeals' award or denial of sanctions was unreasonable, arbitrary, or unconscionable. *Id*.

{¶ 14} DiFranco asserts that appellees' answer and motion to dismiss, which were filed on December 27, 2011, each assert several times that the requested records had been provided and that the case was therefore moot when in fact, all the records had not been provided and the case was not moot. DiFranco asserts that these misrepresentations forced her to hire an accountant to show that documents responsive to her request must exist but were not included among the documents produced by appellees.

{¶ 15} Frivolous conduct, as contemplated by R.C. 2323.51(A)(2)(a), is judged under an objective, rather than a subjective standard, *Striker*, ¶ 21, and must involve egregious conduct. Frivolous conduct is not proved merely by winning a

legal battle or by proving that a party's factual assertions were incorrect. *Ohio Power Co. v. Ogle*, 4th Dist. Hocking No. 12CA14, 2013-Ohio-1745, ¶ 29-30 (" 'A party is not frivolous merely because a claim is not well-grounded in fact. * * * [R.C. 2323.51] was designed to chill egregious, overzealous, unjustifiable, and frivolous action. * * * [A] claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim' "), quoting *Hickman v. Murray*, 2d Dist. Montgomery No. CA1-5030, 1996 WL 125916, *5 (Mar. 22, 1996).

{¶ 16} Here, appellees initially asserted that they had produced all the records that were responsive to DiFranco's request. DiFranco then presented the affidavit of accountant Brian Johnson, who had reviewed the documents and opined that additional documents must exist. Following discussions between Johnson and South Euclid's finance director, appellees produced additional documents. In other words, after the affidavit was filed, appellees cooperated with Johnson to determine what documents Johnson considered still outstanding, and they produced those documents. The court of appeals then granted summary judgment in favor of appellees. Appellees did not deny the conclusions of the expert or continue to claim that all the documents had been produced when they were faced with evidence that some documents were still outstanding.

{¶ 17} The court of appeals reasonably found that South Euclid's actions did not constitute "frivolous conduct" under R.C. 2323.51.

*Timeliness under Civ.R. 11*

{¶ 18} Although Civ.R. 11 does not articulate a time limit, courts have held that a Civ.R. 11 motion must be filed within a reasonable time of the final judgment. *See, e.g., In re Krueger,* 8th Dist. Cuyahoga No. 100694, 2014-Ohio-3718, ¶ 10. Counsel's questioned conduct here occurred during the merits stage of the litigation; the final, appealable order on the merits was entered in September 2012, and no appeal was taken from the ruling on the merits. Any Civ.R. 11 motion

regarding conduct during the merits part of the litigation should have been filed shortly thereafter, not almost two years later.

**Conclusion**

{¶ 19} We affirm the court of appeals' denial of the motion for sanctions because the motion was untimely, having been filed almost two years after the final order on the merits of the case. Moreover, the court of appeals did not abuse its discretion in its determination that the actions of appellees and their counsel in defending the case were not taken in bad faith or with the purpose of delay.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

The Law Firm of Curt C. Hartman and Curt C. Hartman; and Finney Law Firm, L.L.C., and Christopher P. Finney, for appellant.

Michael P. Lograsso, South Euclid Law Director; and Nicola, Gudbranson & Copper, L.L.C., Vincent A. Feudo, and Michael E. Cicero, for appellees.

_____