[Cite as *Tate v. Tate*, 2018-Ohio-1243.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBYN M. TATE | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| BRUCE E. TATE | : | |
| | : | |
| Defendant | : | Case No. 17CA001 |
| | : | |
| and | : | |
| | : | |
| TATE FARMS COMPANY, LTD AND | : | |
| TATE FARMS, A PARTNERSHIP | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 15DR019 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT: | March 29, 2018 |

APPEARANCES:

For Plaintiff-Appellee

LON  R. VINION
3431 Commerce Parkway
Suite C
Wooster, OH  44691

R.J. Helmuth
343 South Crownhill Road
P.O. Box 149
Orrville, OH  44667

For Defendants-Appellants

GRANT A. MASON
The Lincoln Building
88 South Monroe Street
Millersburg, OH  44654

*Wise, Earle, J.*

{¶ 1}   Defendants-Appellants, Tate Farms Company, Ltd. and Tate Farms, a Partnership, appeal the February 13, 2017 judgment entry denying their motion for sanctions and the March 30, 2017 decree of divorce of the Court of Common Pleas of Holmes County, Ohio, Domestic Relations Division.  Plaintiff-Appellee is Robyn M. Tate.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On February 14, 1998, defendant, Bruce Tate, and appellee were married. No children were born as issue of the marriage.  On March 10, 2015, appellee filed a complaint for divorce against defendant, and also named appellants, two entities defendant had interests in.  The other individuals involved with the entities were defendant's father, mother, and brother.  Appellants filed an amended answer on May 1, 2015, asserting lack of jurisdiction over the person and the subject matter.

{¶ 3}   On June 23, 2015, appellants filed a motion to dismiss challenging the jurisdiction issue.  The trial court took the matter under advisement.

{¶ 4}   Hearings were held on September 19, 21, 22, 23, 29, and October 10, 2016.  At the conclusion of the September 29, 2016 hearing, appellants moved for a directed verdict.  By judgment entry filed October 11, 2016, the trial court granted the motion and dismissed appellants from the case.  Appellants were aware of the trial court's ruling prior to the October 10, 2016 hearing.

{¶ 5}   On October 28, 2016, appellants filed a motion for sanctions followed by an affidavit detailing the attorney fees incurred.

{¶ 6}　On February 13, 2017, the trial court issued a statement of the case, findings of fact, and conclusions of law.　In a separate judgment entry filed same date, the trial court denied appellant's motion for sanctions.　Appellants filed an appeal.

{¶ 7}　On March 30, 2017, the trial court issued a decree of divorce, attaching referenced Exhibits A and B, but not C.[1]

{¶ 8}　On April 4, 2017, defendant filed a notice of appeal.

{¶ 9}　On April 7, 2017, appellants filed an amended notice of appeal to incorporate the divorce decree.

{¶ 10} On April 25, 2017, defendant filed with the trial court a motion for a nunc pro tunc order to address the missing Exhibit C.　The trial court did not rule on this motion.

{¶ 11} On May 15, 2017, defendant filed with this court a motion to correct the record under App.R. 9(E), seeking a limited remand to address the missing Exhibit C. By judgment entry filed June 8, 2017, this court granted the motion and remanded the matter to the trial court to address the missing exhibit.　On June 26, 2017, the trial court filed a nunc pro tunc statement of the case, findings of fact, conclusions of law, and decision, attaching the missing Exhibit C.　The trial court made substantive changes to its previous decision which is the subject of separate appeals (App. Nos. 17CA13 and 17CA14).

{¶ 12}　This matter is now before this court for consideration of the trial court's judgment entry filed February 13, 2017, and the divorce decree filed March 30, 2017 with the added Exhibit C.　The pertinent parts of the decision and the relevant facts will

---

[1]We note the decree did not specifically reference Exhibit C, although it did adopt and incorporate the February 13, 2017 filing which did.

be addressed under each of the corresponding assignments of error. Assignments of error are as follows:

I

{¶ 13} "THE TRIAL COURT ERRED AND DEPRIVED TATE FARMS OF ITS RIGHT TO APPEAL THE TRIAL COURT'S DENIAL OF ITS MOTION FOR SANCTIONS PURSUANT TO R.C. § 2323.51 BY VIRTUE OF THE 'HOLD HARMLESS' LANGUAGE INCORPORATED IN THE DECREE OF DIVORCE."

II

{¶ 14} "THE TRIAL COURT ERRED IN DENYING TATE FARMS' MOTION FOR SANCTIONS UNDER R.C. § 2323.51 WITHOUT A HEARING, WHERE APPELLEE ERRONEOUSLY MADE TATE FARMS A PARTY TO THE DIVORCE LITIGATION UNDER CIV.R. 75(B)(1) AND ASSERTED AND PURSUED CLAIMS AGAINST TATE FARMS THAT WERE NOT WARRANTED UNDER EXISTING LAW."

III

{¶ 15} "THE TRIAL COURT ERRED BY IMPOSING A JUDICIAL LIEN AGAINST REAL PROPERTY HELD SOLELY BY TATE FARMS."

I

{¶ 16} In their first assignment of error, appellants claim the trial court erred and deprived them of their right to appeal the trial court's denial of their motion for sanctions by virtue of the hold harmless provision in the decree of divorce. We disagree.

{¶ 17} We do not find anything in the trial court's hold harmless provisions that effectively prevents appellants from filing an appeal in this matter. Appellants have filed an appeal and this court will address the merits.

{¶ 18} Assignment of Error I is denied.

II

{¶ 19} In their second assignment of error, appellants claim the trial court erred in denying their motion for sanctions without a hearing, where appellee made them parties to the divorce action and asserted and pursued claims against them that were not warranted. We disagree.

{¶ 20} R.C. 2323.51 governs sanction awards. Subsection (B)(1) states the following:

Subject to divisions (B)(2) and (3), (C), and (D) of this section and except as otherwise provided in division (E)(2)(b) of section 101.15 or division (I)(2)(b) of section 121.22 of the Revised Code, at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.

{¶ 21} "Frivolous conduct" is defined in subsection (A)(2) as:

(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶ 22} As explained by the Supreme Court of Ohio in *State ex rel. DiFranco v. South Euclid,* 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 15:

Frivolous conduct, as contemplated by R.C. 2323.51(A)(2)(a), is judged under an objective, rather than a subjective standard, *Striker* [*v. Cline,* 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19]*, ¶ 21, and must involve egregious conduct. Frivolous conduct is not proved merely by winning a legal battle or by proving that a party's factual assertions were incorrect. *Ohio Power Co. v. Ogle,* 4th Dist. Hocking No. 12CA14, 2013-Ohio-1745, 2013 WL 1803895, ¶ 29-30 (" 'A party is not frivolous merely because a claim is not well-grounded in fact. * * * [R.C. 2323.51] was designed to chill egregious, overzealous, unjustifiable, and frivolous action. * * * [A] claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim' "), quoting *Hickman v. Murray,* 2d Dist. Montgomery No. CA1–5030, 1996 WL 125916, *5 (Mar. 22, 1996).

{¶ 23} In their motion for sanctions, appellants argued appellee improperly named them as party defendants, her claims against them had no basis under Ohio law, and she forced them to incur substantial attorney fees in defending the action. By judgment entry filed February 13, 2017, the trial court denied the motion without comment and without hearing.

{¶ 24} Appellee joined appellants in her divorce complaint pursuant to Civ.R. 75(B) which governs joinder of parties in divorce actions. Subsection (1) states: "A person or corporation having possession of, control of, or claiming an interest in property, whether real, personal, or mixed, out of which a party seeks a division of

marital property, a distributive award, or an award of spousal support or other support, may be made a party defendant[.]"

{¶ 25} The 2001 Staff Note to the statute, as discussed by appellants in their brief at 12, states the following:

Civ. R. 75(B) provides that Civ. R. 14 (third-party practice), Civ. R. 19 (joinder of parties needed for just adjudication), Civ. R. 19.1 (compulsory joinder), and Civ. R. 24 (intervention) are generally inapplicable in divorce, annulment, or legal separation actions. Division (1) of Rule 75(B), however, permits a corporation or person to be made a party defendant to such an action if that corporation or person has possession or control of or claims an interest in property out of which another seeks an award. Civ. R. 75(B)(1) thus permits the court to protect both the person seeking an award and the corporation or person who has possession or control of or claims an interest in property. See *Huener v. Huener*, 110 Ohio App. 3d 322, 327, 674 N.E. 2d 389, 393 (1996) (trial court abused its discretion by attempting to divest parents of party of legal title to property without joining them as parties; purpose of Civ. R. 75(B)(1) joinder "is to allow individuals to join whose interests need to be protected").

Division (B)(1) was amended effective July 1, 2001 to track more precisely the language of R.C. 3105.171, which provides for division of marital property and, in appropriate circumstances, a distributive award,

and R.C. 3105.18, which provides for spousal support. The amendment is intended to make clear that the joinder of a corporation or person is proper whether a division of marital property, a distributive award, or an award of spousal support is the underlying issue. The reference to "other support" is retained in order to avoid foreclosing the use of Civ. R. 75(B)(1) when, e.g., child support is the underlying issue.

{¶ 26} Defendant owned 25% of the partnership and 24.5% of the company. Clearly defendant had an interest in the two entities which had possession of, control of, or claimed an interest in the property out of which appellee sought a division of marital property and an award of spousal support. Business entities other than "corporations" can be joined under this section. *Gest v. Gest,* 9th Dist. Lorain No. 96CA006580, 1998 WL 208872 (Apr. 29, 1998) (joinder of dairy farm partnership).

{¶ 27} In this case, the trial court was charged with determining the extent of defendant's ownership in the two entities, the value of his ownership interests, and whether his interests constituted marital property subject to division between the parties in their divorce action. The trial court heard from various experts regarding the interrelationship between the parties, their marriage, and appellants. The interests of all the parties were "intertwined and comingled." Appellee's Brief at 15. It was necessary for the trial court to determine through all the testimony and exhibits presented just what those interests were. As noted by the trial court in its November 2, 2015 judgment entry addressing appellants' motion to dismiss them as parties, it was the trial court's "responsibility in presiding over any divorce case to be certain that the entire financial

picture is transparent prior to making final equitable orders for both parties." The real and personal property used in appellants' operations and defendant's interests in and income from the entities were all at issue in determining the allocation of marital property in the divorce and any possible support obligation.

{¶ 28} After the September 29, 2016 hearing, the trial court granted appellants' motion for directed verdict. *See* Judgment Entry filed October 11, 2016. The trial court relieved appellants as legal parties, but permitted them to remain as "interested" parties if they so desired. Although appellants' counsel was aware of the trial court's ruling, he was present during the final hearing held on October 10, 2016, to "simply protect the interest of Mr. [Hal] Tate." T. at 1086, 1092-1093. In fact, appellants' counsel objected when appellee's counsel asked Mr. Hal Tate about not filing any gift tax returns. T. at 1158-1159. In the decree of divorce, the trial court noted appellants "had the full opportunity and in fact did present evidence with respect to the legal and equitable issues involved in this case." By being joined in the action, appellants were provided due process, and were given the opportunity to present evidence, cross-examine witnesses, and protect their interests in the case.

{¶ 29} Using an objective standard, we do not find egregious conduct and find it is not "absolutely clear under the existing law that no reasonable lawyer could argue the claim." *DiFranco, supra.* We do not find any evidence of frivolous conduct as set forth in R.C. 2323.51(A)(2) under either a de novo standard of review or an abuse of discretion standard or review. *Daniels v. Daniels,* 5th Dist. Licking No. 14-CA-74, 2015-Ohio-1674, ¶ 26.

{¶ 30} Appellants make much ado about appellee being a judgment creditor and needing to obtain a charging order. This is a divorce case involving a division of assets and liabilities. Appellee is not a judgment creditor in this case, she is a party receiving her own portion of assets accumulated with her spouse over a number of years. In their reply brief at 13, appellants cite to several cases to support their argument that "multiple domestic relations cases have referred to the spouse who is awarded money as a 'judgment creditor'." The "awards" in these cases relate to after-the-fact child and spousal support arrearages and attorney fees, not awards pursuant to a division of assets.

{¶ 31} As noted by appellants in their motion for sanctions, citing *Sheridan v. Harbison,* 101 Ohio App.3d 206, 655 N.E.2d 256 (1995), an evidentiary hearing is required "only on those motions which demonstrate arguable merit, and that a motion for sanctions may be denied without hearing when the trial court determines that there is no basis for imposition of sanctions."

{¶ 32} As explained by this court in *Miller v. Evans,* 5th Dist. Stark No. 2015CA00042, 2015-Ohio-4571, ¶ 18:

It has been uniformly held that a hearing on a motion for sanctions under R.C. 2323.51(B)(2) is only required when the trial court grants the motion. *Galena v. Delaware Cty. Regional Planning Comm.,* 5th Dist. Delaware No.2011-CAE-07-0068, 2012-Ohio-182, ¶ 28 (Delaney, J. dissenting), citing *Shields v. City of Englewood,* 172 Ohio App.3d 620, 2007-Ohio-3165, 876 N.E.2d 972 (2nd Dist.); *McKinney v. Aultman Hosp.,*

5th Dist. Stark No. CA-8603, unreported, 1992 WL 100451 (Apr. 27, 1992); *McPhillips v. United States Tennis Assoc. Midwest,* 11th Dist. Lake No.2006-L-235, 2007-Ohio-3595; *Avon Poured Wall, Inc. v. Boarman,* 9th Dist. Lorain No. 04CA008448, 2004-Ohio-4588; *Coretext Ltd. v. Pride Media Ltd.,* 10th Dist. Franklin No. 02AP-1284, 2003-Ohio-5760. A trial court must schedule a hearing only on those motions which demonstrate arguable merit; if the trial court determines there is no basis for the imposition of sanctions, it may deny the motion without hearing. *Id.* at ¶ 12. Such a determination is subject to the sound discretion of the trial court. *Id.* at ¶ 15.

{¶ 33} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 34} The trial court had the benefit of presiding over the entire case and was familiar with the issues involved. Appellants' motion did not demonstrate arguable merit requiring the trial court to schedule a hearing.

{¶ 35} Upon review, we find the trial court did not abuse its discretion in denying appellants' motion for sanctions without a hearing.

III

{¶ 36} In their third assignment of error, appellants claim the trial court erred in imposing a judicial lien against real property held solely by the entities. We disagree.

{¶ 37} Specifically, appellants are challenging the judicial lien the trial court imposed on defendant's interest in a home located on SR 754. Appellants argue they own the entire property.

{¶ 38} Defendant admitted to building a separate home for himself on the SR 754 property. T. at 43. The home sits on land owned by appellant company. T. at 96. Defendant signed a promissory note to pay back appellants for the cost they incurred in building the new home. T. at 114; Plaintiff's Exhibit K1. Defendant made two payments totaling $55,000 toward the obligation. T. at 115; Plaintiff's Exhibit K2. Defendant agreed the home was not in any way gifted to him and he was making payments on it. T. at 118. Mr. Hal Tate testified the land the home sits on is still titled in appellant company's name. T. at 1143. He indicated there were no current agreements to transfer the land to defendant, but appellants did have a demand note from defendant for the home. *Id.*

{¶ 39} The trial court found appellant built a home on land owned by appellants, and diverted $55,000 from his retirement account to pay appellants for monies borrowed to build the home. Finding of Fact Nos. 49 and 50. The trial court awarded defendant the real estate on SR 754, except for $55,000 which was deemed marital property. Conclusion of Law No. 16. The trial court placed a judicial lien on defendant's separate property, including his interest in the SR 754 home, in order to prevent defendant from interfering with appellee or the trial court's ability to enforce its orders. Conclusion of Law No. 36. In the divorce decree, the trial court awarded defendant all of his interest in the home constructed on the SR 754 property, and incorporated the

judicial lien in its divorce decree "until such time as the obligations contained herein with respect to the property and debt distributions are satisfied."

{¶ 40} We find the trial court did not place a lien on all of the property, just defendant's interest in the home located on the property.

{¶ 41} Upon review, we find the trial court did not err in imposing a judicial lien on the subject home in order to enforce its orders.

{¶ 42} Assignment of Error III is denied.

{¶ 43} The judgment of the Court of Common Pleas of Holmes County, Ohio Domestic Relations Division is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Gwin, J. concur.


EEW/db