[Cite as *Collins v. Collins*, 2018-Ohio-1512.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105945

---

## JACQUELINE G. COLLINS

### PLAINTIFF-APPELLEE

vs.

## LINCOLN W. COLLINS, SR.

### DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-15-355643

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** April 19, 2018

**ATTORNEYS FOR APPELLANT**

Stuart H. Lippe
Ann B. Maschari
55 Public Square, Suite 1550
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Sanjay K. Bhatt
Bhatt Law Office, Ltd.
2935 Kenny Road, Suite 225
Columbus, Ohio 43221

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Lincoln Collins, appeals an order finding him in contempt of court for failure to comply with a judgment entry of divorce. He raises four assignments of error:

> 1. The trial court (magistrate and judge) abused its discretion, acted contrary to the law and facts, and committed reversible error by not dismissing appellee's motion to show cause, allowing appellee to invoke the contempt process, and finding appellant in contempt of court.
>
> 2. The trial court abused its discretion and acted unreasonably, arbitrarily, and contrary to the law and facts in its determination that it was defendant-appellant who had the duty to perfect liens on the specified assets listed in Article 12 of the judgment entry of divorce.
>
> 3. The trial court acted contrary to law and evidence, arbitrarily, unreasonably, and abused its discretion in holding appellant in contempt for non-payment of the said $80,000 to appellee and its determination that appellant provided no valid defense thereto.
>
> 4. The trial court (magistrate and judge) abused its discretion and acted unreasonably, arbitrarily, and contrary to the law and evidence in ordering, for the alleged contempt, a 30-day jail sentence and purge orders consisting of $40,000 or $30,000, respectively, lump sums to be paid by appellant within 30 days of the magistrate's and judge's orders, and $1,000 per month starting within 30 days thereafter.

{¶2} We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶3} Plaintiff-appellee, Jacqueline Collins, filed a complaint for divorce in February 2015. Shortly thereafter, in June 2015, the parties reached a settlement agreement that was incorporated into the court's judgment entry of divorce. According to the judgment entry of divorce, Lincoln operated a business referred to as Mad Hatter Automotive Service Center. The Mad Hatter was owned by a trust, and Lincoln was the trustee of the trust. The parties also

owned a 2007 Hyundai Vera Cruz, a 2001 Honda Accord, a 1998 Lexus GS 300, a house, and other unspecified property.

{¶4} Article 12 of the judgment entry of divorce settled the distribution of marital property and provided that "Husband shall pay the Wife Eighty Thousand dollars ($80,000) within 60 days of June 4, 2015 or by August 4, 2015 as settlement." Article 12 states that "[i]f Husband fails to give Wife this settlement amount of $80,000[,] this amount shall be considered a lien against the Mad Hatter and the Vera Cruz * * * and Honda vehicles." The judgment entry of divorce also prohibited Lincoln from selling the Mad Hatter "without court approval as long as he owes Wife the $80,000 or any portions of it or owes the wife spousal support."[1] Finally, Article 12 provided that the trial court "retain[ed] jurisdiction to modify and amend this provision in conformity with the intent of the parties."

{¶5} Lincoln failed to pay Jacqueline the $80,000 by the August 4, 2015 deadline, and Jacqueline filed a motion to show cause. Lincoln subsequently filed a Chapter 7 petition for bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio, which was resolved a few months later.

{¶6} Following resolution of the bankruptcy proceedings, a magistrate held a hearing on Jacqueline's motion to show cause. Based on the parties' testimony, the magistrate found that, after the discharge of Lincoln's debts in bankruptcy, Lincoln continued to operate the muffler shop that he has operated for the last 22 years. At the time of the hearing, Lincoln had three employees and owned real property located at 3025 Superior Avenue in Cleveland, where the Mad Hatter was located. Based on this evidence, the magistrate found Lincoln in contempt of

---

[1] The judgment entry of divorce required Lincoln to pay Jacqueline spousal support in the amount of $500 per month for 24 months.

court for failure to pay Jacqueline the $80,000 required by the judgment entry of divorce and sentenced him to 30 days in jail. Lincoln could purge the contempt by paying Jacqueline $40,000 by March 1, 2017, and $1,000 per month for 40 months thereafter until the $80,000 marital property obligation is satisfied.

{¶7} Lincoln filed timely objections to the magistrate's decision. He argued the magistrate erred in ordering him to pay Jacqueline a specific sum of money because Article 12 of the judgment entry of divorce provided that any amount of the $80,000 that remained unpaid by the due date was considered a lien against the Mad Hatter and the Vera Cruz and Honda vehicles. Lincoln argued that the liens "provided a built-in remedy" for failure to pay the $80,000, and that the magistrate lacked authority to sentence him to jail for contempt.

{¶8} The trial court overruled the objections and found, in relevant part:

A review of the transcript of proceedings establishes that Defendant has failed to pay his former spouse anything towards the $80,000 obligation. There was no mention made at hearing the he had complied with lien safeguards to protect Plaintiff's interest. The Court is unclear whether Mr. Collins has any ownership in this business known as the Mad Hatter but the testimony at trial suggests that he is operating the business as though it were his. At a minimum, the Defendant should have perfected liens on the specified assets. The Court is left to wonder why no mention was made at [the] Hearing before [the magistrate] of liens. The Court is left wondering whether Mr. Collins had the legal authority to even make these liens effective.

Obviously, when Defendant filed his Bankruptcy Petition under Chapter 7[,] he was experiencing severe financial problems. But the Court notes that the Bankruptcy Stay was not effective until April 7, 2016. Defendant was to have completed payment to Ms. Collins by August 15, 2015, which is more than eight (8) months beforehand. Defendant is in contempt for having failed to pay Ms. Collins anything towards the $80,000 that he owes her.

{¶9} As previously stated, the trial court retained jurisdiction in the judgment entry of divorce "to modify and amend" the settlement of marital property outlined in Article 12.

Accordingly, the trial court modified the magistrate's decision and the judgment entry of divorce as follows:

> The Defendant is ordered to prepare a Promissory Note, in the sum of $80,000, with simple interest at a rate of 4% per annum from the date of the journalization of this Entry. Defendant's obligation under the note is to pay Plaintiff the sum of $20,000 on or before July 1, 2017. Defendant may make monthly payments of $1,000 on the balance of his obligation commencing August 1, 2017. Defendant shall secure the note by giving Plaintiff a mortgage lien within thirty (30) days from the date of this Order. The Mortgage shall adhere to Defendant's interest in the real property located at 3025 Superior Avenue Cleveland, Ohio 44114. Terms of the note shall be $80,000, payable in accordance with the terms set forth in this Order, until paid in full.

**{¶10}** Lincoln now appeals the trial court's contempt order.

## II. Law and Analysis

### A. Standard of Review

**{¶11}** Civ.R. 53(D)(4)(d) directs that a trial court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." On appeal, the reviewing court will not disturb the trial court's rulings on objections to a magistrate's decision absent an abuse of discretion. *Hissa v. Hissa*, 8th Dist. Cuyahoga Nos. 99498 and 100229, 2014-Ohio-1508, ¶ 17. An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 13.

### B. Invocation of Contempt Process

**{¶12}** In the first assignment of error, Lincoln argues the trial court erred in proceeding on Jacqueline's motion to show cause because the judgment entry of divorce automatically provided liens against the Mad Hatter and the Vera Cruz and Honda vehicles upon Lincoln's

failure to pay the $80,000. He contends the liens provided "a built-in remedy," and that the judgment entry of divorce does not authorize contempt proceedings.

{¶13} However, it was unclear whether Lincoln owned the Mad Hatter because the judgment entry of divorce states that a trust owned the Mad Hatter. Indeed, the Mad Hatter was named as a defendant in the divorce proceedings. Moreover, the judgment entry of divorce does not describe how the liens would be perfected on the marital assets. Therefore, the liens provision was not a "built-in remedy" since the liens did not automatically attach to the marital assets upon Lincoln's failure to comply with the judgment entry of divorce.

{¶14} The purpose of contempt is to secure compliance with the court's lawful orders. *Robinson v. Robinson*, 168 Ohio App.3d 476, 2006-Ohio-4282, 860 N.E.2d 1027 ¶ 27 (2d Dist.), citing *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971). Lincoln admitted at the contempt hearing that he had not paid Jacqueline any part of the $80,000 required by the judgment entry of divorce and that no liens had been perfected on the marital assets. Therefore, Lincoln failed to comply with Article 12 of the judgment entry of divorce, and the trial court was authorized to use its contempt power to enforce compliance with its prior order.

{¶15} Lincoln nevertheless argues that the trial court could not sentence him to a jail term for failure to pay the $80,000 marital property obligation. He cites *Sizemore v. Sizemore*, 12th Dist. Warren No. CA2009-04-045, 2010-Ohio-1525, to support his argument.

{¶16} In *Sizemore*, the Twelfth District held it was unconstitutional to hold a party in contempt for failing to pay a child support arrearage that had been reduced to a lump sum arrearage. The *Sizemore* court concluded that using contempt to imprison a party for failing to pay a lump sum judgment would violate Article I, Section 15 of the Ohio Constitution, which

provides: "No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud." *Sizemore* at ¶ 18.

{¶17} However, we are not bound by the Twelfth District, and the Ohio Supreme Court has held that "punishment for violation of divorce decree provisions does not impinge upon the constitutional prohibition against imprisonment for debts." *Pugh v. Pugh*, 15 Ohio St.3d 136, 142, 472 N.E.2d 1085 (1984), citing *Harris v. Harris*, 58 Ohio St.2d 303, 390 N.E.2d 789 (1979). The court in *Pugh* specifically held that both alimony and property settlement provisions of a divorce decree "'are orders of the court, and represent more than a debt of one spouse to the other.'" *Id*. at 142, quoting *Harris* at 311. Therefore, an order holding a spouse in contempt of court and sentencing him to jail for failure to pay a property settlement provision does not violate constitutional provisions against imprisonment for debts. *Id*.

{¶18} Neither the lien provision in the judgment entry of divorce nor the constitutional prohibition against imprisonment for debts prohibited the trial court from holding Lincoln in contempt of court for his failure to pay his $80,000 marital property obligation.

{¶19} Therefore, the first assignment of error is overruled.

### C. Duty to Perfect Liens

{¶20} In the second assignment of error, Lincoln argues the trial court erred in finding he was obligated to perfect liens on the marital assets specified in Article 12 of the judgment entry of divorce.

{¶21} In his objections to the magistrate's decision, Lincoln argued that the liens provided Jacqueline's sole remedy and that she should have perfected the liens on the marital assets. In overruling Lincoln's objections, the trial court observed that Lincoln might have avoided a contempt finding if he had perfected liens on the marital assets. However, the trial

court did not find Lincoln in contempt for failing to perfect the liens; it found him in contempt for failing to pay Jacqueline the $80,000 required under the divorce decree for her share of the parties' marital property.

**{¶22}** Moreover, the trial court concluded that perfection of liens on the assets specified in the divorce decree might not have been feasible. The trial court found that it was "unclear whether [Lincoln] has any ownership in this business known as the Mad Hatter but the testimony at Trial suggests that he is operating the business as though it was his." It was also unclear "whether [Lincoln] had the legal authority to even make these liens effective." Because ownership of the assets was uncertain, the trial court exercised its jurisdiction to modify and amend the judgment entry of divorce by fashioning a more specific remedy that no longer required anyone to perfect liens on the marital assets.

**{¶23}** Therefore, the second assignment of error is overruled.

### D. Inability to Pay

**{¶24}** In the third assignment of error, Lincoln argues the trial court abused its discretion in disregarding evidence submitted in support of his defense that he was unable to pay the $80,000 marital property obligation.

**{¶25}** In *Pugh*, the court distinguished between the failure to make a court-ordered payment versus an inability to make the court-ordered payment. *Pugh*, 15 Ohio St.3d at 140, 472 N.E.2d 1085. The inability to make a court ordered payment is a defense to a contempt charge. *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 20. However, the *Pugh* court explained that the divorce decree "'imports a finding of the court that he is able to pay,'" and the burden of proving an inability to pay is on the party subject to the

contempt order. *Pugh* at 140, quoting *State ex. rel. Cook v. Cook*, 66 Ohio St. 566, 64 N.E. 567 (1902).

{¶26} "[P]roof of purposeful, willing or intentional violation of a court order is not a prerequisite to a finding of contempt." *Pugh* at 140. The trial court's order fixing the amount to be paid and a party's failure to comply with that order constitutes prima facie evidence of contempt. *Liming* at ¶ 20. In other words, there is a presumption in favor of an ability to pay a court-ordered obligation, and the party charged with contempt bears the burden of rebutting that presumption. *Id.*

{¶27} Although the record shows that Lincoln filed a petition for bankruptcy, there is no evidence in the record establishing his inability to pay the $80,000 marital property obligation. Lincoln testified that the Mad Hatter is busy enough to employ three workers, including himself. (Tr. 17.) Although title to the business is in the name of a trust, Lincoln admitted that the business generates an income. (Tr. 16.) Lincoln also admitted that he owns the real property where the business is located. (Tr. 17.)

{¶28} Lincoln nevertheless argues that business has been slow and that he does not earn sufficient income from the business to make the court ordered payments. He also asserts that he has other expenses that consume the profits generated from the business. However, in *Liming*, the Ohio Supreme Court held that bare assertions claiming an inability to make payments are insufficient to meet satisfy the contemnor's burden of proving an inability to pay. *Id.* at ¶ 21. Despite the bankruptcy proceedings and Lincoln's self-serving testimony that he is unable to pay the $80,000 obligation, there was evidence that Lincoln has assets with which he could make court-ordered payments.

{¶29} Moreover, Lincoln offered no documentary evidence other than the bankruptcy trustee's final report that Lincoln had "no property available for distribution from the estate over and above that exempted by law." Lincoln did not produce any documents establishing his current income and expenses such as bank statements, bills, or tax returns, nor did he offer any documentary evidence regarding his assets and liabilities following the discharge of his debts in bankruptcy. He admitted that the Mad Hatter generates income and that he owns real property, but he failed to provide any documentary evidence establishing an inability to pay the $80,000 marital property obligation. Therefore, the trial court acted within its discretion when it concluded that Lincoln failed to meet his burden of proving an inability to pay his marital property $80,000 obligation.

{¶30} The third assignment of error is overruled.

### E. Civil Contempt

{¶31} In the fourth assignment of error, Lincoln argues the trial court abused its discretion by imposing a 30-day jail sentence and a purge order requiring him to pay a $20,000 lump sum followed by periodic payments of $1,000 per month. Again, Lincoln asserts that a jail term violates Article I, Section 15 of the Ohio Constitution, which states, in relevant part that "[n]o person shall be imprisoned for debt in any civil action * * * ."

{¶32} However, as previously explained, punishment for violation of a divorce decree does not violate the constitutional prohibition against imprisonment for debts. *Pugh*, 15 Ohio St.3d at 140, 472 N.E.3d 1085. And Lincoln failed to meet his burden of establishing that he lacks the ability to pay a lump sum of $20,000 followed by monthly payments in the amount of $1,000. If a $20,000 lump sum payment is beyond Lincoln's means, he should have provided documentary evidence to establish that fact. But in the absence of evidence establishing an

inability to make the court ordered payments, we cannot say that the trial court abused its discretion by holding Lincoln in contempt and requiring him to make a lump sum payment of $20,000 followed by monthly payments of $1,000 month until the entire $80,000 is paid in full to purge the contempt order.

**{¶33}** The fourth assignment of error is overruled.

**{¶34}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR