[Cite as *Hamlin v. Bosse*, 2018-Ohio-2657.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| SAUNDRA L. HAMLIN | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2017-CA-26 |
| | : | |
| v. | : | T.C. NO. 2017-CV-31 |
| | : | |
| JOHN R. BOSSE | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# **O P I N I O N**

Rendered on the 6th day of July, 2018.

. . . . . . . . . . .

H. STEVEN HOBBS, Atty. Reg. No. 0018453, The Hobbs Law Office, 119 Commerce Street, P.O. Box 489, Lewisburg, Ohio 45338
        Attorney for Plaintiff-Appellee


JOSEPH MOORE, Atty. Reg. No. 0014362, and BRIAN HUELSMAN, Atty. Reg. No. 55444, Moore & Associates, 262 James E. Bohanan Memorial Drive, Vandalia, Ohio 45377
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant John R. Bosse appeals a decision of the Miami County Court of Common Pleas, Civil Division, denying his motion for sanctions, attorney's fees, and costs that he filed against plaintiff-appellee Saundra L. Hamlin and her attorney, H. Steven Hobbs, for frivolous conduct pursuant to R.C. 2323.51(A)(2)(a)(ii) and Civ.R. 11. Bosse filed a timely notice of appeal with this Court on November 9, 2017.

{¶ 2} In the instant case, the record establishes that Hamlin and her ex-husband, David, obtained a divorce on August 2, 1990, in Darke County Common Pleas Court Case No. 88-DIV-50267. Pursuant to one of the orders issued by the trial court, Hamlin was to receive one-half of her ex-husband's retirement benefits administered by the General Motors Corporation. In May of 2003, David retired from Delphi Corporation, a subsidiary of General Motors.

{¶ 3} Thereafter, on October 30, 2008, a magistrate from the Darke County Common Pleas Court issued an order designating Bosse as the trial court's expert witness with respect to the distribution of David's retirement benefits to the parties. Specifically, Bosse, as the trial court's expert, was ordered by the magistrate to prepare four Qualified Domestic Relations Orders ("QDRO") in order to equitably divide David's retirement benefits from Delphi Corporation. Pursuant to the magistrate's order, in June of 2009, Bosse presented the parties with four QDROs.

{¶ 4} In February 2010, Hamlin, through counsel, sent Bosse a letter informing him that certain necessary language was missing from the QDROs and that the amount of money distributed to her from David's retirement benefits was incorrect. According to Hamlin, Bosse did nothing to correct the QDROs, and on June 18, 2012, the four QDROs

were filed in the Darke County Court of Common Pleas.   Due to drafting errors in the documents, Bosse subsequently prepared and filed an Amended QDRO on August 17, 2012.

**{¶ 5}** On January 22, 2016, the Darke County Court of Common Pleas issued a decision based upon the recommendations of Bosse.   Thereafter on January 20, 2017, Hamlin filed a complaint in the Miami County Court of Common Pleas against Bosse for malpractice, breach of contract, and unjust enrichment.   In her complaint, Hamlin alleged that the Darke County court's reliance on Bosse's recommendations and advice resulted in her not receiving the proper allocation of her ex-husband's retirement benefits. Specifically, Hamlin alleged that she was damaged in the amount of $11,260.20 because of the errors made by Bosse when he drafted the QDROs.

**{¶ 6}** On February 10, 2017, Bosse filed a motion to dismiss Hamlin's complaint pursuant to Civ.R. 12(B)(6).   On March 6, 2017, Hamlin filed a memorandum in opposition to Bosse's motion to dismiss.   On the same day, Hamlin also filed a notice of dismissal of her complaint without prejudice pursuant to Civ.R. 41(A)(1)(a).

**{¶ 7}** On April 18, 2017, Bosse filed a motion for sanctions, attorney fees, and costs against Hamlin in which he alleged that she acted frivolously when she filed the complaint against him.   A brief hearing was held before the trial court on August 10, 2017, regarding stipulations agreed to by the parties and the admission of several exhibits.[1] Bosse filed a memorandum in support of his motion for sanctions on August 30, 2017.

---

[1] One of the primary exhibits filed with the trial court was Plaintiff's Exhibit 1, a typed transcript of a hearing held before a Darke County magistrate in Case No. 88-DIV-50267 on January 13, 2015.   The hearing was being held in order to analyze the current status of David Hamlin's retirement pensions and the distribution of the accounts to the parties.

On August 31, 2017, Hamlin filed a memorandum in opposition to Bosse's motion for sanctions. On October 18, 2017, the trial court issued a decision denying Bosse's motion for sanctions, attorney fees, and costs.

{¶ 8} It is from this judgment that Bosse now appeals.

{¶ 9} Because they are interrelated, Bosse's first and second assignments of error will be discussed together as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING SANCTIONS AGAINST APPELLEE, SAUNDRA L. HAMLIN FOR BEING FRIVOLOUS BECAUSE THE COMPLAINT WAS FILED BEYOND THE STATUTE OF LIMITATIONS AND THEREFORE NOT WARRANTED UNDER THE LAW.

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING SANCTIONS AGAINST APPELLEE, SAUNDRA L. HAMLIN FOR BEING FRIVOLOUS BECAUSE APPELLANT, JOHN R. BOSSE HAD IMMUNITY AS THE TRIAL COURT'S EXPERT AND THE COMPLAINT FILED IS NOT SUPPORTED BY EXISTING LAW AND CANNOT BE SUPPORTED BY A GOOD FAITH ARGUMENT FOR AN EXTENSION, MODIFICATION, OR REVERSAL OF EXISTING LAW.

{¶ 10} In his first assignment, Bosse contends that the trial court erred when it denied his motion for sanctions because Hamlin's complaint was filed outside the statute of limitations for civil actions brought against accountants. In Bosse's second assignment, he argues that as a court-appointed expert, he is entitled to immunity from any liability with respect to the work he performed relating to the Hamlins' divorce and the

subsequent distribution of David's retirement benefits.

{¶ 11} "On appeal, [this court] will not reverse a lower court's decision on whether to award sanctions under R.C. 2323.51 absent a showing of an abuse of discretion." *State ex rel. Bell v. Madison Cty. Bd. of Commrs.*, 139 Ohio St.3d 106, 2014-Ohio-1564, 9 N.E.3d 1016, ¶ 10, citing *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11.  To prove such an abuse, the appellant must establish that the court of appeals' award or denial of sanctions was unreasonable, arbitrary, or unconscionable. *Id.*

{¶ 12} R.C. 2323.51 allows a court to award "court costs, reasonable attorney's fees, and other reasonable expenses" to any party "who was adversely affected by frivolous conduct." R.C. 2323.51(B)(1).  Before making an award, the court must hold a hearing "to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award." R.C. 2323.51(B)(2)(a).

{¶ 13} R.C. 2323.51(A)(2)(a) defines "frivolous conduct" as conduct that does the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new

law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶ 14} Frivolous conduct, as contemplated by R.C. 2323.51(A)(2)(a), is judged under an objective, rather than a subjective standard, and must involve egregious conduct. *Striker* at ¶ 21.   Frivolous conduct is not proved merely by winning a legal battle or by proving that a party's factual assertions were incorrect. *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 15; *see also Ohio Power Co. v. Ogle*, 4th Dist. Hocking No. 12CA14, 2013-Ohio-1745, ¶ 29–30, quoting *Hickman v. Murray*, 2d Dist. Montgomery No. CA15030, 1996 WL 125916, *5 (Mar. 22, 1996). (" 'A party is not frivolous merely because a claim is not well-grounded in fact. * * * [R.C. 2323.51] was designed to chill egregious, overzealous, unjustifiable, and frivolous action. * * * [A] claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim' ").

{¶ 15} In the instant case, Bosse argues that Hamlin's filing of the malpractice complaint violated R.C. 2323.51(A)(2)(a)(ii), insofar as he contends that the complaint was not warranted by existing law or extension, modification, or reversal of existing law, or the establishment of new law.

## Statute of Limitations

{¶ 16} In *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 546 N.E.2d 206 (1989), the court held that claims of negligence against an accountant were governed by the four-year statute of limitations found in R.C. 2305.09(D). *Id.* at 181.   It noted that R.C. 2305.09 expressly included its own discovery rule, which did not apply to general negligence claims. *Id.*   Therefore, the court held that the discovery rule "is not available to claims of professional negligence brought against accountants." *Id.* at ¶ 2 of the syllabus.   As a result, it held that the statute of limitations began to run immediately when the acts of accounting negligence occurred. *Auckerman v. Rogers*, 2d Dist. Greene No. 2011-CA-23, 2012-Ohio-23, ¶ 13.   The Supreme Court later reaffirmed that holding in *Grant Thornton, Inc. v. Windsor House*, 57 Ohio St.3d 158, 160–161, 566 N.E.2d 1220 (1991).

{¶ 17} Thereafter, in *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.*, 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672, the Supreme Court held that a cause of action for professional negligence against an appraiser "accrues on the date that the negligent act is committed, and the four-year statute of limitations commences on that date." *Id.* at syllabus.   The *Flagstar* court briefly discussed the delayed-damages rule and expressly refused to apply the rule in that case.   It stated:

> Both the discovery rule and the delayed-damages rule relate to when a cause of action for negligence accrues.   Nevertheless, with regard to claims for professional negligence under R.C. 2305.09, this court has clearly stated that the cause of action accrues when the allegedly negligent act is committed.   * * * In *Investors REIT One*, we explicitly rejected the

application of the discovery rule for these causes of actions. * * * We implicitly rejected the delayed-damages rule in *Grant Thornton*.

*Flagstar* at ¶ 25, citing *REIT One*, 46 Ohio St.3d at 182, 546 N.E.2d 206, and *Grant Thornton*, 57 Ohio St.3d 158, 566 N.E.2d 1220.

{¶ 18} In light of the foregoing precedent from the Ohio Supreme Court, Bosse argues that the statute of limitations for filing a complaint against an accountant for professional negligence is four years from the time the services were performed. Bosse asserts that the last time he provided any services to the Hamlins was in January 2012. Since Hamlin did not file her malpractice complaint until January of 2017, Bosse argues that she is clearly outside the statute of limitations for her claims. Bosse therefore contends that her malpractice complaint amounts to frivolous conduct requiring that she be sanctioned.

{¶ 19} Conversely, Hamlin argues that the delayed-damages rule applies in this case, and her cause of action for malpractice against Bosse did not accrue until January 22, 2016, when the Darke County Court of Common Pleas issued a decision based upon the allegedly erroneous recommendations of Bosse. Accordingly, Hamlin contends that her malpractice action was not filed outside of the statute of limitations for professional negligence claims, and therefore does not amount to frivolous conduct.

{¶ 20} As noted by the trial court, *LGR Realty, Inc. v. Frank & London Ins. Agency*, 2016-Ohio-5044, 58 N.E.3d 1179 (10th Dist.), was pending before the Ohio Supreme Court at the time that the trial court denied Bosse's motion for sanctions. In *LGR Realty*, the Tenth District Court of Appeals held that in a case of alleged insurance malpractice, unlike the discovery rule, the delayed-damages rule does not just toll the running of the

statute of limitations, it adjusts when the cause of action accrues. *Id.* at ¶ 14. "In other words, a cause of action for negligence is not complete, and the statute of limitations does not begin to run, until there has been an injury." *Flagstar* at ¶ 19. Thus, the negligent act did not accrue on the date that the insurance policy was originally issued by the company agent. Rather, the court applied the delayed-damages rule and held that the negligent act accrued years later when the insurance company refused to defend a claim when the insured individual was injured. *Id.* at ¶ 41.

{¶ 21} The Ohio Supreme Court ultimately reversed the judgment of the Tenth District Court of Appeals, holding that the delayed-damage rule did not apply in a case involving the four-year statute of limitations set forth in R.C. 2305.09 for negligent procurement of a professional-liability insurance policy and negligent representation. *LGR Realty, Inc. v. Frank & London Ins. Agency*, 152 Ohio St.3d 517, 2018-Ohio-334, 98 N.E.3d 241, at ¶ 31. Nevertheless, at the time that Hamlin filed her malpractice action against Bosse, *LGR Realty* had not yet been decided by the Ohio Supreme Court, and there was still an apparent conflict between the Ohio appellate districts regarding the application of the delayed-damages rule to the four-year statute of limitations in professional malpractice cases. Thus, we cannot say that the trial court erred when it denied Bosse's motion for sanctions for Hamlin's allegedly frivolous conduct.

### Immunity

{¶ 22} In his second assignment, Bosse argues that, as the trial court's appointed expert regarding the Hamlins' QDROs, he has immunity from any malpractice claims based on his performance therein. In support of his argument, Bosse cites two Ohio cases in which psychologists who testified as experts in divorce cases were granted

immunity from suit. *See McCleery v. Leach*, 11th Dist. Lake No. 2001-L-195, 2003-Ohio-1875; *Crosset v. Marquette*, 1st Dist. Hamilton Nos. C-060148, C-060180, 2007-Ohio-550. Specifically, both cases stand for the proposition that the appointed psychologists were "acting as an arm of the court and only carrying out a duty imposed upon [them] by the court order, regardless of whether the duty was to produce an evaluation or to testify. In other words, [the psychologists] 'performed a function integral to the judicial process. As arms of the court, [they were] entitled to the absolute immunity given to judges and other judicial officials.' " *Crosset* at ¶ 20, quoting *McCleery* at ¶ 44.

**{¶ 23}** In his appellate brief, Bosse concedes there is no case law in Ohio stating that court-appointed accountants are entitled to absolute immunity for their evaluations and/or testimony in domestic relations cases. As noted by the trial court, the issue of whether an accountant should be provided immunity when acting as a court-appointed expert was not the issue before the trial court, and it is *not* the issue before us. The relevant issue before the trial court and before us is whether an argument that a court-appointed accountant is not necessarily immune from a malpractice suit constitutes frivolous conduct. Clearly, the issue of whether Bosse is entitled to absolute immunity as a court-appointed accountant is not settled in Ohio. Therefore, we cannot say that the trial court abused its discretion when it rejected Bosse's argument in this regard. Accordingly, the trial court did not err when it denied Bosse's motion for sanctions, attorney fees, and costs.

**{¶ 24}** Bosse's first and second assignments of error are overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.


Copies mailed to:

H. Steven Hobbs
Joseph Moore
Brian Huelsman
Hon. James F. Stevenson –
for Hon. Jeannine M. Pratt