[Cite as *State ex rel. Bell v. Madison Cty. Bd. of Commrs.,* 139 Ohio St.3d 106, 2014-Ohio-1564.]

THE STATE EX REL. BELL ET AL., APPELLANTS, *v.* MADISON COUNTY

BOARD OF COMMISSIONERS, APPELLEE, ET AL.

[Cite as *State ex rel. Bell v. Madison Cty. Bd. of Commrs.,*

**139 Ohio St.3d 106, 2014-Ohio-1564.]**

*R.C. 2323.51—Judgment awarding sanctions for frivolous conduct affirmed.*

(No. 2013-0633—Submitted February 4, 2014—Decided April 16, 2014.)

APPEAL from the Court of Appeals for Madison County, No. CA2010-04-010.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Madison County Court of Appeals sanctioning appellants, Greg Bell and his attorney, Philip Wayne Cramer, for frivolous conduct. The sanctions are in relation to an action for a writ of mandamus that Bell, through Cramer, filed in the court of appeals, requesting that the court order appellee, the Madison County Board of Commissioners, to comply with R.C. 163.01 and 163.02, to provide him with due process in the taking of his real-property rights and to comply with a consent agreement. The court of appeals dismissed that petition, and we affirmed. *State ex rel. Bell v. Madison Cty. Bd. of Commrs.,* 128 Ohio St.3d 357, 2011-Ohio-527, 944 N.E.2d 659.

{¶ 2} Thereafter, the court of appeals ruled on a motion for sanctions filed by the board. The court granted the motion for sanctions in the amount of $21,137.19 against Bell and his attorney, Cramer.

{¶ 3} Bell and Cramer timely appealed the sanctions judgment to this court. The only issue before us is whether the court of appeals abused its discretion in granting the motion for sanctions. Because the underlying case was the last in a series of legal actions covering the same ground, and because the board provided sufficient evidence to support the fees that were awarded, the court of appeals did not abuse its discretion, and so we affirm.

**Facts**

{¶ 4} Appellants, Cramer and Bell, have been counsel and party in numerous court proceedings originating from a 2003 appropriation action filed by the board against Bell and his wife to acquire a sewer easement on Bell's property. In that case, Bell and his wife challenged the appropriation pro se, and the Madison County Court of Common Pleas held that the board was entitled to an easement. *Madison Cty. Bd. of Commrs. v. Bell,* Madison C.P. No. 2003CV-02-71 (Aug. 29, 2005). That judgment was affirmed on appeal. 12th Dist. Madison No. CA2005-09-036, 2007-Ohio-1373. We declined to accept a discretionary appeal from that judgment. 114 Ohio St.3d 1512, 2007-Ohio-4285, 872 N.E.2d 953.

{¶ 5} In April 2008, Bell, through Cramer, filed a complaint in the Franklin County Court of Common Pleas naming numerous defendants and asserting various causes of action related to the Madison County appropriation case. As later observed by the Twelfth District Court of Appeals in the decision now on appeal, the Franklin County Court of Common Pleas dismissed the case based on res judicata, finding that the claims were " 'a repackaging of the issues [that were] addressed or that could have been addressed in the Madison County Court of Common Pleas and the Twelfth District Court of Appeals' " and noting that " 'the Bells *admit* that they are collaterally attacking the judgment rendered against them.' " (Emphasis sic.) 12th Dist. Madison No. CA2010-04-010, 4 (Sept. 10, 2012), quoting *Bell v. Nichols,* Franklin C.P. No. 2008 CVA 6427, 15 (Apr. 3, 2009).

{¶ 6} The Franklin County Court of Appeals affirmed. 10th Dist. Franklin No. 9AP-438, 2009-Ohio-4851. Some of the defendants in the Franklin County case filed a joint motion for sanctions against the Bells and Cramer, arguing that the case was frivolous under R.C. 2323.51. Sanctions were assessed

against the Bells and Cramer, jointly and severally.  Franklin C.P. No. 2008 CVA 6427 (Oct. 5, 2010).

{¶ 7}  On April 13, 2010, Bell, again represented by Cramer, filed the underlying mandamus case in the Madison County Court of Appeals.  The court of appeals dismissed the complaint, finding that Bell had "extensively litigated, or at least had the opportunity to litigate, all of the claims and issues for which he is seeking mandamus."   12th Dist. Madison No. CA2010-04-010 (July 14, 2010). We affirmed.  128 Ohio St.3d 357, 2011-Ohio-527, 944 N.E.2d 659.

{¶ 8}  The board filed a motion for sanctions under R.C. 2323.51 against Bell and Cramer in the mandamus case.  A magistrate was assigned, conducted a hearing, and eventually filed a decision granting the board attorney fees of $21,137.19.  The magistrate decided that the mandamus action was frivolous because the issues raised had been litigated in other cases and mandamus was not available under existing law and no good-faith argument could be made for extending, modifying, or reversing existing law.  The magistrate determined that the board had been adversely affected by the frivolous conduct in that it had had to expend resources in hiring outside counsel to litigate the mandamus case.  The magistrate also rejected Bell and Cramer's argument that because the magistrate had denied their request for discovery prior to the sanctions hearing, they had been denied due process.  The magistrate reiterated his earlier determination that the discovery sought by Bell and Cramer would not have aided in the determinations necessary for him to rule on the motion for sanctions.  Finally, the magistrate determined that the hourly rate of $150 for the board's attorney was reasonable, and he awarded attorney fees in the amount of $21,137.19.  The court of appeals denied Bell and Cramer's objections to the magistrate's decision and adopted the decision.

{¶ 9}  Bell and Cramer appealed to this court.  After mediation was unsuccessful, the case was returned to the regular docket, and the board filed a

motion to dismiss the appeal. We denied the motion on September 25, 2013. A motion to supplement the record with the exhibits that were presented at the hearing on sanctions was granted shortly thereafter.

### Legal Analysis

{¶ 10} On appeal, we will not reverse a lower court's decision on whether to award sanctions under R.C. 2323.51 absent a showing of an abuse of discretion. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11. To prove such an abuse, Bell and Cramer must establish that the court of appeals' award of attorney fees was "unreasonable, arbitrary or unconscionable." *Id.*

{¶ 11} Bell and Cramer have engaged in repetitive litigation about a sewer easement on Bell's property in Madison County. The underlying mandamus case is the latest attempt to argue issues that were long ago litigated to finality. On the merits, the underlying case was properly dismissed on the basis of res judicata, a decision affirmed by this court. The only question at this point is whether the court of appeals abused its discretion in awarding the board sanctions against Bell and Cramer.

### Sanctions were warranted

{¶ 12} Sanctions for frivolous conduct are authorized by R.C. 2323.51. The first determination to be made in deciding whether sanctions are warranted here is whether Bell and Cramer engaged in frivolous conduct. The definition of "frivolous conduct" includes conduct by a party to a civil action that is "not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51(A)(2)(a)(ii). The court of appeals correctly held that given the history of the litigation, "[m]andamus was simply not available under existing law, and the petition cannot be supported by a good faith argument for an extension,

modification or reversal of existing law." 12th Dist. Madison No. CA2010-04-010, 10 (Sept. 10, 2012). Bell and Cramer's arguments that the previous litigation was somehow improper or incomplete are without merit, as Bell had had his day in court and the opportunity to litigate all issues related to the easement. Filing a petition for a writ of mandamus was clearly improper here. Given Bell and Cramer's history of repetitive litigation relating to this matter, the court of appeals did not abuse its discretion in finding that the filing of the petition was frivolous conduct.

{¶ 13} Under R.C. 2323.51(B)(1), a court may award costs, reasonable attorney fees, and other reasonable expenses incurred by a party adversely affected by the frivolous conduct. The award may be against a party, the party's counsel, or both. R.C. 2323.51(B)(4). So the next determination to be made here is whether the board was adversely affected by Bell and Cramer's frivolous conduct.

{¶ 14} The court of appeals found that the filing of the mandamus case itself had caused adverse effects to the board, as the board was required to defend against it. The board had hired Onda, LaBuhn, Rankin & Boggs Co., L.P.A. ("OLRB") to represent it, and at the hearing on sanctions, the board introduced itemized invoices from the firm. Bell and Cramer questioned whether the board had needed to hire the law firm. The court of appeals found that because Bell and his wife had filed a third-party complaint against the prosecuting attorney in the related appropriation case, it was reasonable for the board to hire outside counsel rather than rely on representation from the prosecuting attorney.

{¶ 15} Bell and Cramer also assert that OLRB generated excessive fees by litigating the mandamus case instead of trying to settle it. However, as the court below held, the board was under no obligation to settle a frivolous lawsuit.

{¶ 16} Thus, the court of appeals did not abuse its discretion in finding that the board was entitled to sanctions against Bell and Cramer for engaging in frivolous conduct that had caused the board to incur attorney fees.

**Discovery was not necessary**

{¶ 17} After the motion for sanctions was filed, Cramer orally requested discovery to prepare in defending against the motion for sanctions. That request was denied. At the hearing, Cramer made another motion for discovery. The motion was denied because the discovery Bell and Cramer sought would not have answered any of the pertinent questions: Was the mandamus action frivolous? Was the board adversely affected? What fees were incurred?

{¶ 18} The court of appeals did not deny Bell and Cramer their due-process rights in denying the motion for discovery. OLRB engaged in and completed legal work in connection with the mandamus case on behalf of the board.

**Amount of fees was reasonable**

{¶ 19} Finally, the fees awarded by the court of appeals were reasonable. Attorney Derek Graham of OLRB testified at the hearing that his firm charged fees and expenses for defending the board against the mandamus action.

{¶ 20} The court reasonably concluded that Bell and Cramer were equally responsible for bringing the frivolous mandamus action, because their testimony at the hearing indicated that they both knew the prior history of the case and yet decided to pursue a mandamus action in an attempt to relitigate the same issues. The court found that they had "maintained a united front" and therefore were jointly and severally liable. 12th Dist. Madison No. CA2010-04-010, 14 (Sept. 10, 2012). The history of the litigation supports this conclusion.

{¶ 21} The court also determined, based on *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 145-146, 569 N.E.2d 464 (1991), that the starting point for calculating fees is to multiply the number of hours reasonably expended by a

reasonable hourly rate, taking into account the factors in Prof.Cond.R. 1.5(a) (setting forth the factors to be considered in determining the reasonableness of a fee). The court pointed out that Bell and Cramer did not object to the hourly rate charged by OLRB or argue that particular items billed by OLRB were unreasonable or unnecessary. The court found the hourly rate of $150 to be reasonable. After reviewing the invoices, the court reduced the fees requested to account for some services that appeared to be connected with other litigation and arrived at a total of $21,137.19. The court of appeals thus applied the correct law in determining whether the fees were reasonable. This decision was not arbitrary or an abuse of discretion, and therefore we affirm the judgment.

## Conclusion

{¶ 22} The court of appeals did not abuse its discretion in levying sanctions in the form of attorney fees against Bell and Cramer because they had engaged in frivolous conduct by attempting to relitigate matters that had already been determined. Indeed, they had been sanctioned once before, by the Franklin County Common Pleas Court, for litigating a case on the same matter. The mandamus action was clearly frivolous and adversely affected the board by causing it to incur attorney fees. The fees awarded are reasonable.

{¶ 23} In short, the court below did not abuse its discretion, and we affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., not participating.

_____

Philip Wayne Cramer, pro se, and for appellant Greg Bell.

Onda, LaBuhn, Rankin & Boggs Co., L.P.A., and Timothy S. Rankin, for appellee.

_____