[Cite as *HSBC Mtge. Servs., Inc. v. Watson*, 2017-Ohio-680.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### PAULDING COUNTY

HSBC MORTGAGE SERVICES, INC.,

    PLAINTIFF-APPELLEE,

    CASE NO. 11-16-03

    v.

PAMELA J. WATSON, ET AL.,

    O P I N I O N

    DEFENDANTS-APPELLANTS.

Appeal from Paulding County Common Pleas Court

Trial Court No. CI-12-178

Judgment Affirmed

Date of Decision:  February 27, 2017

APPEARANCES:

    *George C. Rogers* for Appellants

    *Jessica M. Wilson* for Appellee

Case No. 11-16-03

**WILLAMOWSKI, J.**

{¶1} Defendants-appellants Pamela J. Watson ("Watson"), also known as Pamela J. Lambert, and William L. Lambert ("Lambert") jointly appeal the judgment of the Paulding County Court of Common Pleas for denying Watson's motion for the imposition of sanctions against opposing counsel and for allowing the plaintiff-appellee, U.S. Bank Trust, N.A., ("U.S. Bank") to be substituted as party plaintiff in place of HSBC Mortgage Services, Inc. ("HSBC"). For the reasons set forth below, the judgment of the trial court is affirmed.

{¶2} On November 24, 2004, Watson signed a promissory note under which she promised to pay HSBC $79,500.00 plus interest in monthly payments. Doc. 1. This note was secured by a mortgage on real property. *Id.* Watson stopped making payments on the note in April of 2011. Doc. 27. On August 22, 2012, the original plaintiff in this action, HSBC, filed a complaint in foreclosure against Watson and Lambert. Doc. 1. On April 29, 2013, HSBC submitted a motion for summary judgment with a copy of the mortgage agreement. Doc. 27. Watson then served HSBC with requests for admissions on May 24, 2013. Doc. 31. The trial court set July 23, 2013, as the final cutoff date for discovery. Doc. 30.

{¶3} HSBC, however, did not reply to the discovery requests by the deadline established by the court. Doc. 37. Consequently, Watson's requests for admission were deemed admitted. Doc. 37. One of these admissions states that "HSBC does not have possession of the original note." Doc. 31. Another states that "neither

-2-

Melissa D. Clearly [the person allegedly authorized to assign the mortgage] nor Mortgage Electronic Registration Systems, Inc. sought or received permission from the Bankruptcy Trustee for Accredited Home Lenders, Inc. to execute the assignment of [Watson's] mortgage [to HSBC]." Doc. 31. On August 2, 2013, Watson used these admissions to oppose HSBC's earlier motion for summary judgment and submitted her own motion for summary judgment. Doc. 32. HSBC responded by filing a motion to withdraw the requests for admissions deemed admitted. Doc. 37. On February 12, 2014, the trial court granted HSBC's motion to withdraw admissions deemed admitted on the same day that it granted HSBC's motion for summary judgment. Doc. 39. The trial court then denied Watson's motion for summary judgment. *Id*.

{¶4} Watson and Lambert then filed an appeal with this court. *Id*. On January 26, 2015, we reversed the trial court. *HSBC Mtge. Servs., Inc. v. Watson*, 3d Dist. Paulding No. 11-14-03, 2015-Ohio-221, ¶ 6. A trial court has the discretion to "permit withdrawal of an admission if it will aid in presenting the merits of the case and the party who obtained the admission fails to demonstrate that withdrawal would prejudice him in maintaining his action." *Id*. at ¶ 18, quoting *State ex rel. Davila v. Bucyrus*, 194 Ohio App.3d 325, 956 N.E.2d 332, 2011-Ohio-1731, ¶ 22 (3d Dist.). Since the time for discovery had closed at the time HSBC's motion to withdraw was submitted, Watson was able to demonstrate to the trial court that she would have been prejudiced if the admissions were withdrawn and discovery was

not reopened. *Id*. at ¶ 29. Because the trial court did not reopen discovery, we determined that the trial court erred when it permitted HSBC to withdraw their admissions. *Id*. When considered, the content of HSBC's admissions was sufficient to defeat HSBC's motion for summary judgment. *Id*. at ¶ 27. Thus, the trial court's rulings on both HSBC's and Watson's motions for summary judgment needed to be reconsidered. *Id*. at ¶ 35. We then remanded the case for further proceedings. *Id*. at ¶ 30, 37.

{¶5} Following the remand, on March 13, 2015, HSBC submitted a motion for substitution of plaintiff, alleging that U.S. Bank had been assigned Watson's mortgage on January 6, 2015, and was now the real party in interest. Doc. 51. Attached to the motion was a copy of the mortgage assignment, which included a limited power of attorney that purportedly authorized the transfer of Watson's mortgage to U.S. Bank. *Id*. HSBC, however, included the wrong power of attorney document. Doc. 58. The limited power of attorney HSBC submitted was incorrect and had expired. *Id*.

{¶6} On April 23, 2015, Watson responded with a motion opposing HSBC's motion to substitute plaintiff. Doc. 55. Relying upon HSBC's admission that they did not possess the original note, Watson argued that neither HSBC nor U.S. Bank could be real parties in interest as HSBC had nothing to transfer to U.S. Bank that would justify a substitution of plaintiff in this case. *Id*. Further, Watson pointed to the incorrect limited power of attorney and also asserted this document could not

establish U.S. Bank as a real party in interest since the expired document did not reference Watson's mortgage and could not, therefore, assign the mortgage from HSBC to U.S. Bank. *Id.* Watson's motion to oppose HSBC's motion to substitute plaintiff was accompanied by a motion to impose sanctions for frivolous conduct under R.C. 2323.51. *Id.* In response, HSBC admitted that they had "inadvertently attached" the incorrect power of attorney but contested the appropriateness of sanctions in this situation. Doc. 58. HSBC also included a copy of the correct limited power of attorney document in this filing. *Id.*

{¶7} On February 29, 2016, Watson filed a motion for summary judgment. Doc. 65. On May 27, 2016, the trial court issued an order that granted HSBC's motion to substitute plaintiff. Doc. 67. The court determined that the defendants did not have standing to challenge the validity of the assignment as Watson was "not a party to the assignment between HSBC and U.S. Bank." *Id.* On June 13, 2016, Watson and Lambert submitted a motion to reconsider the court's decision to allow U.S. Bank to be substituted for HSBC as plaintiff. Doc. 69. The court then set June 24, 2016, as the date for the parties to have a hearing on frivolous conduct sanctions. *Id.* At the hearing, HSBC argued that Watson's motion for summary judgment should be denied so that discovery could be reopened. Doc. 75. The court declined to reopen discovery, deemed the admissions of HSBC admitted, and granted Watson's motion for summary judgment. *Id.*

{¶8} In the final judgment, the court also addressed the defendants' motion to reconsider the May 27, 2016 journal entry granting HSBC's motion to substitute plaintiff and Watson's motion for R.C. 2323.51 sanctions. Doc. 55, 75. The court declined to reverse the order granting HSBC's motion to substitute plaintiff. Doc. 75. Since the alleged frivolous conduct arose from HSBC's motion to substitute plaintiff, the court overruled Watson's motion for sanctions because such a decision would be inconsistent with the court's order granting HSBC's motion to substitute plaintiff. Doc. 75. On appeal, appellants raise two assignments of error.

## First Assignment of Error

**The trial court erred in its judgment entry of July 5, 2016 in denying the Watson motions for imposition of sanctions against plaintiff's counsel for submitting frivolous motions in relation to the substitution of the party plaintiff.**

## Second Assignment of Error

**As relating to its ruling denying sanctions, the trial court erred in allowing the substitution of U.S. Bank as the party plaintiff, and in denying the Watson motion to vacate such May 27, 2016 judgment in the courts final judgment entry of July 5, 2016.**

We will evaluate the second assignment of error prior to consideration of the first assignment of error.

## Second Assignment of Error

{¶9} In appellants' second assignment of error, appellants argue that the trial court erred in permitting U.S. Bank to be substituted for HSBC as plaintiff. "A party seeking to appeal bears the burden of proving that he or she has standing."

Case No. 11-16-03

*Guttentag v. Etna Twp. Bd. of Zoning Appeals*, 177 Ohio App.3d 53, 2008-Ohio-2642, 893 N.E.2d 890, ¶ 33 (5th Dist.). "[I]n order to have standing to appeal, a person must be 'able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced' by the judgment appealed from." *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177, 743 N.E.2d 894 (2001), quoting *Willoughby Hills v. C.C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992). Further, "[a]ppeal lies only on behalf of a party aggrieved by the final order appealed from." *Midwest Fireworks Mfg. Co.* at 177, quoting *Ohio Contract Carriers Assn. v. Public Utilities Commission*, 140 Ohio St. 160, 42 N.E.2d 758 (1942), syllabus. "Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant." *State ex rel. Gabriel v. Youngstown*, 75 Ohio St.3d 618, 619, 1996–Ohio–445, 665 N.E.2d 209 (1996), quoting *Ohio Contract Carriers Assn.* at syllabus.

{¶10} In the present case, the trial court granted the motion to substitute U.S. Bank for HSBC as plaintiff over appellants' objections. We do not see any evidence in the record that the trial court followed the dictates of Civ.R. 25(C), which required the trial court to make a finding that a transfer of interest had occurred between HSBC and U.S. Bank before ordering this substitution.[1] See *Union Bank Co. v.*

---

[1] Civ.R. 25(C) states in relevant part: "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

Case No. 11-16-03

*North Carolina Furniture Express, L.L.C.*, 3d Dist. Auglaize Nos. 2-10-01 and 2-10-02, 2010-Ohio-4176 (holding "[t]he decision of whether to allow a substitution of parties is discretionary with the trial court and may be granted only upon a finding of a transfer of interest.").

{¶11} However, if the trial court made an error in this ruling, we do not see any indication that appellants suffered prejudice as the result of this order. See *Board of Trustees for the Memorial Civic Center v. Carpenter Company*, 3d Dist. Allen No. 1-81-38, 1982 WL 4618 (August 9, 1982). If anything, this order is more likely to operate in appellants' favor as the substitution of U.S. Bank for HSBC binds U.S. Bank to the summary judgment order that disposed of this case. Since appellants have not demonstrated that they have suffered injury by the alleged error of the trial court, appellants have not carried the burden of proving that either Watson or Lambert are an aggrieved party with the standing to appeal this ruling. For these reasons, appellants' first assignment of error is overruled.

**First Assignment of Error**

{¶12} In their first assignment of error, appellants allege that the conduct of HSBC in submitting a defective motion to substitute plaintiff constitutes frivolous conduct under R.C. 2323.51(B) and argue that the trial court abused its discretion by denying appellants' motion for the imposition of sanctions. R.C. 2323.51(B)(1) states in relevant part that

> **any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees,**

**and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct....**

R.C. 2323.51(B)(1). However, before the court makes such an award, it must hold

a hearing

**to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award....**

R.C. 2323.51(B)(2)(a).

**{¶13}** "By enacting R.C. 2323.51, the General Assembly intended to sanction egregious conduct, not merely misjudgments or tactical errors." *Miller v. Miller*, 6th Dist. Wood No. WD-95-016, 1995 WL 557325 (Sept. 22, 1995), 2. Since the decision to award sanctions is committed to the discretion of the trial court, an appellate court "will not reverse a lower court's decision on whether to award sanctions under R.C. 2323.51 absent a showing of an abuse of discretion." *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 13, citing *State ex rel. Bell v. Madison Cty. Bd. of Commrs.*, 139 Ohio St.3d 106, 2014-Ohio-1564, 9 N.E.3d 1016, ¶ 10. "An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable." *Loyer v. Signature Healthcare of Galion*, 2016-Ohio-7736, 66 N.E. 3d 779, ¶ 7 (3d Dist.).

**{¶14}** In this case, the trial court, after the hearing on Watson's motion for sanctions, declined to reconsider its previous order that granted HSBC's motion to

substitute plaintiff. Doc. 75. The trial court then determined that the actions surrounding the filing of a motion that the court granted did not amount to frivolous conduct and denied Watson's motion for sanctions. *Id*. The determination of whether frivolous conduct exists precedes the determination of whether that conduct adversely affected a party. R.C. 2323.51(B)(2)(a). Since the trial court found that HSBC did not engage in frivolous conduct, it did not proceed to make a determination for the record as to whether either appellant was a party adversely affected by frivolous conduct. Doc. 75.

{¶15} Regardless of whether the trial court correctly granted the motion to substitute plaintiff or whether HSBC's actions amounted to frivolous conduct, we do not see, in the particular circumstances of this case, how HSBC's conduct adversely affected appellants. The civil rules of procedure require that civil actions "be prosecuted in the name of the real party in interest." Civ.R. 17(A). Upon a transfer of interest, Civ.R. 25(C) provides that the successor in interest can be substituted into the action as the real party in interest. Civ.R. 25(C). However, the substitution is to "have the same effect as if the action had been commenced in the name of the real party in interest." Civ.R. 17(A). These rules regarding the real party in interest exist "to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought

by the real party [in] interest on the same matter."[2] *Argent Mtge. Co. v. Ciemins*, 8th Dist. Cuyahoga No. 90698, 2008-Ohio-5994, ¶ 10, quoting *Shealy v. Campbell*, 20 Ohio St.3d 23, 485 N.E.2d 701 (1985).

{¶16} The primary interests protected by Civ.R. 17 and Civ.R. 25 were not endangered by HSBC's motion to substitute plaintiff or by the trial court's order granting the motion to substitute plaintiff. First, the substitution of U.S. Bank for HSBC had no effect on the defenses or evidence available to appellants. HSBC's admissions conclusively established that they had nothing to assign to U.S. Bank. Upon substitution, U.S. Bank inherited this action as it was along with all of HSBC's admissions. Appellants could, therefore, mount identical defenses against HSBC and U.S. Bank. Second, the finality of the judgment was not jeopardized by this substitution. In filing this motion, HSBC admitted that they were no longer the real party in interest and could not bring a future action based upon the same claim. Third, bringing in U.S. Bank was not going to expose appellants to the risk of enduring another suit on this same matter. HSBC and U.S. Bank would both be barred by res judicata from filing this exact claim a second time as HSBC was bound by the assignment, which effectively admitted that they are no longer a real party in interest, and U.S. Bank was bound by HSBC's admission that it did not have the promissory note.

---

[2] Civ.R. 17 provides the real party in interest rule. In *Shealy*, the Ohio Supreme Court was specifically addressing the purposes behind Civ.R. 17. While Civ.R. 17 allows for the substitution of the real party in interest, the rules for substitution are in Civ.R. 25. Decided by the Eighth District, *Ciemins* considers the purposes and effects of Civ.R. 17 and Civ.R. 25 in combination as part of an extended analysis of the substitution of a party.

{¶17} Even looking beyond these primary interests protected by the civil rules, we still do not see evidence in the record of an adverse effect on appellants. Under the facts of this particular case, the disposition of HSBC's motion to substitute plaintiff did not threaten the interests of appellants or compel them to respond. Appellants chose to intervene and dispute a motion that had no potential to affect their interests adversely. The resources expended in challenging this motion do not qualify as an adverse effect under R.C. 2323.51 as appellants chose to expend resources to dispute HSBC's motion and were not compelled to expend resources in the defense of their interests by the actions of HSBC in filing this motion. Even if we assume that HSBC's actions amounted to frivolous conduct, neither appellant is an adversely affected party that is eligible for an award of sanctions for frivolous conduct. R.C. 2323.51(B)(1). We, therefore, decline to disturb the trial court's determination and overrule appellants' second assignment of error.

{¶18} Having found no error prejudicial to the appellants in the particulars assigned and argued, the judgment of Paulding County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**PRESTON, P.J. and SHAW, J., concur.**

**/hls**