[Cite as *Ditech Fin., L.L.C. v. Kudroff*, 2018-Ohio-4422.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106644

---

## DITECH FINANCIAL L.L.C.

### PLAINTIFF-APPELLEE

vs.

## MURRAY KUDROFF, ET AL.

### DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-881217

**BEFORE:** Kilbane, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 1, 2018

**ATTORNEYS FOR APPELLANTS**

Scott J. Orille
Fred J. Arnoff
Weston Hurd, L.L.P.
1301 East 9th Street, Suite 1900
Cleveland, Ohio    44114


**ATTORNEYS FOR APPELLEE**

Justin M. Ritch
John E. Codrea
Matthew P. Curry
Ann Johnson
Matthew J. Richardson
Richard J. Sykora
Manley, Deas & Kochalski, L.L.C.
P.O. Box 165028
Columbus, Ohio 43216

MARY EILEEN KILBANE, P.J.:

{¶1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.

{¶2} In this accelerated appeal, defendants-appellants, Murray Kudroff ("Kudroff") and Decko Properties, L.L.C. ("Decko") (collectively referred to as "defendants"), appeal from the trial court's judgment denying their motion for sanctions, without a hearing, against plaintiff-appellee, Ditech Financial L.L.C. ("Ditech"). For the reasons set forth below, we reverse and remand for a hearing.

{¶3} In June 2017, Ditech (a loan servicer) brought a foreclosure action against Kudroff and Kudroff's corporation, Decko. Ditech alleged that Kudroff was in default and owed it the

principal amount of $46,329.04, plus interest. Eight days after the defendants filed a joint answer to Ditech's complaint, Ditech moved the trial court to dismiss the complaint without prejudice. In its motion to dismiss, Ditech stated that it "accepted sufficient funds to resolve the parties' present dispute." The trial court granted the motion one week later, dismissing the case without prejudice at Ditech's costs.

{¶4} Approximately one month later, the defendants filed a motion for sanctions against Ditech and requested a hearing under R.C. 2323.51. The defendants contend that Ditech "wrongfully and without justification declar[ed] Defendant[s]-borrowers to be in default of their mortgage loan obligations and commenc[ed] this foreclosure action." Specifically, the defendants contend that Ditech brought the foreclosure action alleging that defendants missed seven monthly payments, when defendants did in fact make those payments. Defendants allege that to further exacerbate the matter, Ditech sent them formal notice of default one week after it filed its motion to dismiss. Ditech claimed that defendants defaulted on the May, June, July, and August 2017 payments, despite the fact that: (1) defendants made the June and July 2017 payments and these payments were acknowledged by Ditech in its motion to dismiss; (2) Ditech rejected and returned the May 2017 payment; and (3) the defendants made the August 2017 payment while the foreclosure action was pending.

{¶5} Defendants further contend that Ditech failed to properly maintain its records and failed to properly service the loan. These errors caused defendants to incur legal and accounting fees and the loss of a long-term tenant. Defendants allege that Ditech called one of defendants' tenants at the subject property and informed the tenant that defendants defaulted on the mortgage, causing the property to go into foreclosure. This tenant then vacated the subject property, leaving defendants without a paying tenant since July 2017.

**{¶6}** Ditech opposed the defendants' motion, arguing that defendants have not shown conduct that would subject Ditech to sanctions. The trial court, without holding a hearing, denied defendants' motion for sanctions. The court found that Ditech's "conduct was not frivolous or egregious in bringing this foreclosure action."

**{¶7}** It is from this order that defendants appeal, raising the following single assignment of error for review.[1]

### Assignment of Error One

The trial court erred in denying the [defendants'] motion for sanctions in a foreclosure proceeding after [Ditech] voluntarily dismissed the foreclosure acknowledging no payment default.

**{¶8}** Defendants argue that Ditech's conduct was frivolous under R.C. 2323.51 because it commenced the foreclosure proceeding without any evidentiary support for the alleged missed mortgage payments. Defendants argue that no default ever existed because they made each of these seven monthly mortgage payments to Ditech, who failed to properly record the payments. Defendants further argue that Ditech still cannot correctly account for the payments they have made and now incorrectly allege that they missed payments in July and August. As a result, defendants request that we remand the matter for an evidentiary hearing.

**{¶9}** We review the trial court's order denying a motion for sanctions under R.C. 2323.51 for an abuse of discretion. *Internatl. Union of Operating Engineers, Local 18 v. Laborers' Internatl. Union of N. Am., Local 310*, 8th Dist. Cuyahoga No. 104774, 2017-Ohio-1055, ¶ 10, citing *In re Krueger*, 8th Dist. Cuyahoga No. 100694, 2014-Ohio-3718, ¶ 13. A trial court

---

[1]After filing their notice of appeal with this court, defendants filed a motion with the trial court to reconsider its order denying their motion for sanctions. Additionally, defendants sought remand from this court so that the trial court could rule on their motion to reconsider. This court denied the motion for remand on the basis that the motion to reconsider was a nullity under the Ohio Rules of Civil Procedure. The trial court denied defendants' motion to reconsider as well.

abuses its discretion only if its decision is unreasonable, arbitrary, or unconscionable. *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 13, citing *State ex rel. Bell v. Madison Cty. Bd. of Commrs.*, 139 Ohio St.3d 106, 2014-Ohio-1564, 9 N.E.3d 1016.

{¶10} As a general rule, the trial court is not required to hold a hearing before denying a motion for sanctions "when the court determines, upon consideration of the motion and in its discretion, that [the motion] lacks merit." *Pisani v. Pisani*, 101 Ohio App.3d 83, 88, 654 N.E.2d 1355 (8th Dist.1995). However, this court has found that a trial court abuses its discretion when it arbitrarily denies a motion for sanctions. *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130; *Lakeview Holding (OH), L.L.C. v. Haddad*, 8th Dist. Cuyahoga No. 98744, 2013-Ohio-1796. In *Bikkani*, this court held that a trial court abuses its discretion by denying a motion for sanctions without a hearing if either the "record clearly evidences frivolous conduct" or "an arguable basis exists for an award of sanctions." *Id.* at ¶ 31.

{¶11} Under R.C. 2323.51(A)(2), "frivolous conduct" means:

(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

**{¶12}** A determination of frivolous conduct applies an objective standard and is ascertained "without reference to what the individual knew or believed." *Bikkani* at ¶ 22, citing *Ceol v. Zion Indus., Inc.*, 81 Ohio App.3d 286, 289, 610 N.E.2d 1076 (9th Dist.1992).

**{¶13}** The defendants' motion alleges that Ditech, as their loan servicer, wrongfully and without justification declared them to be in default of their mortgage loan obligations when the defendants did in fact make those payments. Defendants allege that to further exacerbate the matter, Ditech sent them formal notice of default one week after it filed its motion to dismiss. Defendants further contend that Ditech's errors caused defendants to incur legal and accounting fees and the loss of a long-term tenant.

**{¶14}** In light of the foregoing, the defendants established an arguable basis for awarding sanctions. We recognize that this evidence, when fully developed, may support a finding that sanctions may not be warranted against Ditech. Nevertheless, the defendants are entitled to a hearing on their motion before that determination is made. In remanding the matter, we take no position on whether the trial court should grant or deny the motion. *See Lakeview Holding*, 8th Dist. Cuyahoga No. 98744, 2013-Ohio-1796, ¶ 26.

**{¶15}** Accordingly, the sole assignment of error is sustained.

**{¶16}** Judgment is reversed, and the matter is remanded for a hearing on defendants' motion for sanctions.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

\_\_\_\_\_

MARY EILEEN KILBANE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR