[Cite as *State ex rel. Esrati v. Dayton Metro Library*, 2021-Ohio-3753.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| [STATE EX REL.] DAVID ESRATI | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29050 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-560 |
| | : | |
| DAYTON METRO LIBRARY, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of October, 2021.

. . . . . . . . . .

DAVID ESRATI, 113 Bonner Street, Dayton, Ohio 45410
       Plaintiff-Appellant, Pro Se

MATHIAS H. HECK, JR. by NATHANIEL S. PETERSON, Atty. Reg. No. 0095312, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
       Attorney for Defendants-Appellees

. . . . . . . . . . . . .

EPLEY, J.

**{¶ 1}** Relator-Appellant David Esrati appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his motion for sanctions and motion requesting damages and a hearing in his lawsuit against the Dayton Metro Library and its executive director, Tim Kambitsch (collectively, "Dayton Library"). For the reasons that follow, the trial court's judgment will be affirmed.

I.      **Facts and Procedural History**

**{¶ 2}** On August 19, 2017, Esrati was ejected from Dayton Library for videotaping on the premises. The incident was captured by Dayton Library's video surveillance system. That same day, Esrati verbally requested that Dayton Library provide the video surveillance footage of his ejectment, which he claimed was a public record. His counsel then sent a second request via email on August 31, 2017.

**{¶ 3}** On September 19, 2017, Dayton Library emailed Esrati's counsel that it would not be providing the requested surveillance video. Dayton Library asserted that the video was not subject to release under the Ohio Public Records Act because the video footage was a "library record" and/or "patron information" within the meaning of R.C. 149.432. Discussion about the public records request was then postponed because Esrati and Dayton Library were in the process of negotiating a resolution. After the negotiations failed, Esrati made a third request for the surveillance footage on November 15, 2017. Dayton Library again denied the request.

**{¶ 4}** On February 1, 2018, Esrati filed a petition for a writ of mandamus against Dayton Library, alleging violations of the Ohio Public Records Act. Dayton Library responded with a motion to dismiss pursuant to Civ.R. 12(B)(6). The trial court denied the

motion to dismiss, and both parties filed motions for summary judgment.

{¶ 5} The trial court granted Esrati's motion for summary judgment, denied Dayton Library's motion for summary judgment, and granted Esrati's request for a writ of mandamus. The court reasoned that the surveillance video at issue was a public record and did not fall within the "library records" exemption under R.C. 149.432(A)(2)(b). The trial court ordered Dayton Library to turn over the surveillance video to Esrati within 90 days and to "edit the video" only to the extent "necessary to obscure the faces of other library patrons in the video." Further, it required Dayton Library to reimburse Esrati for the court costs of the action and awarded him $1,000, the maximum statutory damages under R.C. 149.43(C)(2). The trial court did not, however, award Esrati attorney fees, finding that Dayton Library did not act unreasonably.

{¶ 6} The trial court scheduled a follow-up hearing for January 30, 2020. At that hearing, Esrati raised concerns that the videos were not time coded. Dayton Library's attorneys posited that the video software could not both blur the faces of the patrons and overlay time codes. The court entered an order clarifying which camera angles were to be provided to Esrati and gave Dayton Library 30 days to comply. The court did not order time codes.

{¶ 7} Dayton Library filed a notice of compliance on February 27, 2020. According to the record, Dayton Library provided a total of 58 angles from the video footage and redacted the other patrons' faces per court order. The videos did not have time codes overlaid, but each file was given a name containing the date and time.

{¶ 8} On September 25, 2020, Esrati, now appearing pro se and upset that the provided surveillance footage was still not time coded to his liking, filed a motion for

sanctions alleging that Dayton Library's statements regarding the surveillance footage capabilities were false and amounted to frivolous conduct. He contended that the video extraction software could, in fact, both redact faces and provide an overlaid time code.

{¶ 9} On December 30, 2020, Esrati filed a "motion requesting damages and hearing motion for sanction." He asserted that it had been 1,229 days since he originally requested the video surveillance footage and that, because of this alleged delay, he was unable to comply with filing deadlines in a federal civil rights case he wished to pursue. He also alleged that the "delays and lies in court amount to a conspiracy between the Prosecutors [sic] Office, the Library, and [the trial] Court to damage my integrity and cause personal financial hardship." Motion at 4. He asked for "damages to my reputation, waste of my time, and as the victim of a state-run criminal organization, the Montgomery County Prosecutors [sic] office."

{¶ 10} The trial court denied Esrati's motions on February 5, 2021, finding that the motion was time-barred by statute, that Dayton Library had not engaged in frivolous conduct, that Esrati had not been negatively affected by Dayton Library's actions, that there were no grounds for contempt of court, and that Civ.R. 11 was inapplicable to the case. It did not, however, give any reasons for denying Esrati's motion for damages and a hearing.

{¶ 11} Esrati has appealed that judgment.

## II. The trial court did not abuse its discretion

{¶ 12} In his brief, Esrati does not list any assignments of error as required by App.R. 16. However, he does lodge many complaints, including his issues with: (1) the statutory 10-day time window of Sunshine Laws; (2) the R.C. 2323.51(B)(1) time filing

requirement; (3) the Prosecutor's Office's representing Dayton Library; (4) his request for Civ.R. 60 relief; and (4) attorneys and pro se litigants being treated dissimilarly vis-à-vis attorney fees. While Esrati's appeal could justifiably be dispatched for not adhering to the Appellate Rules, we infer that he is challenging the trial court's denials of his motion for sanctions and motion requesting damages and a hearing. Esrati's additional issues are outside the scope of the trial court's February 5, 2021 decision (i.e., the judgment on appeal) and we will not address them. *See, e.g., State v. Brandon*, 2d Dist. Clark No. 2019-CA-53, 2020-Ohio-5406, ¶ 22 (issues outside the scope of the judgment on appeal were not properly before the court); *State v. Baumgartner*, 6th Dist. Erie No. E-07-034, 2008-Ohio-5794, ¶ 10.

Motion for sanctions under R.C. 2323.51

{¶ 13} In his "motion requesting damages and hearing motion for sanction," Esrati claimed that he was entitled to sanctions pursuant to R.C. 2323.51. The trial court, however, found the motion to be untimely. We agree with the trial court.

{¶ 14} R.C. 2323.51(B)(1) states that a party adversely affected by frivolous conduct may file a motion for an "award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action" at any time not more than thirty days after the entry of a final judgment in the matter. The term "final judgment" as used in the statute is synonymous with the term "final appealable order." *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St. 3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 10. When a motion for sanctions under R.C. 2323.51 is filed out of time, the motion can be "denied on that ground alone." *Id.* at ¶ 9.

{¶ 15} In this case, Esrati filed his motion for sanctions on September 25, 2020.

When the motion was filed, the most recent final appealable order on the docket was the trial court's summary judgment decision, filed on July 29, 2019 – 424 days prior – and thus it was past the 30-day threshold. Even using the most recent prior order (one that was not final and appealable), which was filed by the court on January 31, 2020, Esrati was about six months past the deadline. His motion did not meet the 30-day requirement imposed by R.C. 2323.51(B)(1), and the trial court correctly overruled the motion as untimely.

{¶ 16} Contrarily, if the motion for sanctions under R.C. 2323.51(B)(1) could have survived the timeliness issue, we would affirm the trial court's denial of the motion on the merits. "On appeal, [this court] will not reverse a lower court's decision on whether to award sanctions under R.C. 2323.51 absent a showing of an abuse of discretion." *State ex rel. Bell v. Madison Cty. Bd. of Commrs.,* 139 Ohio St.3d 106, 2014-Ohio-1564, 9 N.E.3d 1016, ¶ 10, citing *State ex rel. Striker v. Cline,* 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11. To prove such an abuse, Esrati must demonstrate that the trial court's denial of sanctions was unreasonable, arbitrary, or unconscionable. *State ex rel. DiFranco* at ¶ 13.

{¶ 17} Esrati must demonstrate that Dayton Library's conduct regarding the surveillance video was frivolous. "Frivolous conduct, as contemplated by R.C. 2323.51(A)(2)(a), is judged under an objective, rather than a subjective standard, and must involve egregious conduct." (Citations omitted.) *State ex rel. DiFranco* at ¶ 15. After examining the record, we conclude, as the trial court did, that Dayton Library's conduct did not rise to the level of "frivolous."

{¶ 18} Esrati's primary argument for sanctions was that Dayton Library acted in

bad faith in delaying the delivery of the surveillance video and by not producing a time-stamped copy of the footage that met *his* requirements. The problem with his argument, though, is that Dayton Library complied with all the trial court's orders. Each time the trial court issued an order requiring Dayton Library to produce the public records, it did so within the prescribed time frame. The record also reflects a good-faith attempt by Dayton Library to comply with each trial court order; in one case, Dayton Library went above and beyond what was required of it and turned over 58 camera angles instead of the requisite 56.

{¶ 19} Esrati, however, continues to argue that he should have been given surveillance footage with a time-stamp overlay, although the trial court did not order *any* time code on *any* video. Nevertheless, each video file prepared by Dayton Library was given a name containing the date and time, and the trial court found Dayton Library's explanation as to why it was unable to provide a time-coded overlaid copy of the video(s) credible.

{¶ 20} Based on our review of the record, we cannot say that the trial court abused its discretion when it overruled Esrati's motion for sanctions pursuant to R.C. 2323.51.

Motion for sanctions under Civ.R. 11

{¶ 21} The trial court also held that Civ.R. 11 was inapplicable to the facts at issue in Esrati's motion for sanctions.

{¶ 22} Civ.R. 11 states that the signature of an attorney constitutes a certificate by the attorney that he or she has read the document, believes there is good ground to support it, and that the document is not interposed for delay. Civ.R. 11. If a party willfully violates this Rule, he or she, upon motion of a party or the court, may be subject to

"appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this Rule." *Id.*

**{¶ 23}** It is important to stress that a purported violation of this part of Civ.R. 11 must be done willfully to incur sanctions from the trial court. We have previously stated that "Civ.R. 11 employs a subjective bad-faith standard to invoke sanctions." *Swartz v. Hendrix*, 2d Dist. Darke No. 2010-CA-18, 2011-Ohio-3422, ¶ 11. Because the Rule uses the phrase "may be subject to appropriate action," the imposition of sanctions is at the discretion of the court and is reviewed for an abuse of discretion. *Id.*

**{¶ 24}** In this case, Esrati never specified which requirement he believed Dayton Library violated (i.e., 1. the filing was not read; 2. there were not good grounds to support it; or, 3. it was interposed for delay), and he did not specify in which filing the alleged Rule violation occurred. The trial court assumed Esrati was referring to Dayton Library's "notice of compliance," filed on January 31, 2020. It then found that Esrati had not provided evidence that Dayton Library was in violation of any of the three requirements and further stated that there was no evidence that any potential violation was made willfully or in bad faith.

**{¶ 25}** We agree. Assuming, as the trial court did, that Esrati was referring to the "notice of compliance," there was no evidence that the attorney for Dayton Library did not read the filing, did not believe there was good ground to support it, or that it was filed for purposes of delay. Further, even if one of the three requirements applied, Esrati had not provided any evidence that any of the alleged conduct by Dayton Library was "willful" conduct, instead of merely negligent. *See Ponder v. Kamienski*, 9th Dist. Summit No. 2370, 2007-Ohio-5035, ¶ 36 (if any of the Civ.R. 11 requirements are not satisfied, the

trial court must then determine if the violation was willful as opposed to merely negligent).

{¶ 26} There is nothing in the record that would indicate Dayton Library violated Civ.R. 11, let alone willfully so. The trial court did not abuse its discretion in rejecting Esrati's motion for sanctions under Civ.R. 11.

Motion requesting a hearing, damages, and costs

{¶ 27} On December 30, 2020, Esrati filed his "motion requesting damages and hearing motion for sanction." The motion did not specify the amount of damages he sought, or under what theory of law he was eligible, but it did express Esrati's displeasure with Dayton Library, the Montgomery County Prosecutor's Office, and the trial court. Esrati cited no authority that would enable the collection of damages, and hence, the trial court construed the irregular motion as a second motion for sanctions and analyzed it accordingly. There were no grounds for the trial court to award Esrati sanctions under either R.C. 2323.51 or Civ.R. 11. The trial court did not abuse its discretion.

### III. Conclusion

{¶ 28} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Nathaniel S. Peterson
David Esrati
Hon. Gerald Parker