[Cite as *MAZCleveland, L.L.C. v. Hall*, 2026-Ohio-1196.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MAZCLEVELAND, LLC, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 115389 |
| v. | : | |
| SHERRY D. HALL, | : | |
| Defendant-Appellee, | : | |
| v. | : | |
| STEVEN MORRIS, | : | |
| Third-Party Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 2, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-992541

*Appearances:*

Lieberman, Dvorin & Dowd, LLC and David M. Dvorin,
*for appellants.*

The Legal Aid Society of Cleveland, Melissa Salaman, and
Matthew Alden, *for appellee.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} This case originated in the Parma Municipal Court as an eviction case filed by MAZCleveland, LLC ("MAZCleveland") against Sherry D. Hall, who answered with a counterclaim and third-party claims. The case was transferred to the Cuyahoga County Court of Common Pleas, General Division, in February 2024. The merits of this case are not the subject of this appeal.

{¶ 2} MAZCleveland and third-party defendant Steven Morris ("Appellants") filed a motion for summary judgment. After Hall filed a brief in opposition, Appellants filed a reply asking the court to sanction Hall under Civ.R. 11 for making false statements in her brief in opposition. The motion also generally alleged that Hall's pursuit of this matter was frivolous. The motion for sanctions was explicitly denied on December 17, 2025.

{¶ 3} An agreed judgment entry was docketed on June 2, 2025, that provided "[b]y agreement between Plaintiff MAZCleveland, LLC and Defendant Sherry D. Hall, judgment is hereby entered in favor of Plaintiff and against Defendant Sherry D. Hall[.]"

{¶ 4} In July 2025, Appellants filed a renewed motion for sanctions. The motion was more developed than the previously filed motion for sanctions, but the content was largely duplicative and alleged that Hall made misrepresentations and frivolously prosecuted claims that she allegedly knew were "legally defective." That same day, the trial court denied the motion and issued the following journal entry:

Plaintiff MAZCleveland LLC and third[-]party defendant Steven Morris's renewed motion for sanctions under R.C. 2323.51, filed 07/02/2025, is denied. Final judgment based upon an agreed judgment entry was entered on 06/02/2025. The final judgment resolved all pending claims and motions. Plaintiff's renewed motion for sanctions, based upon conduct occurring prior to the settlement, is merely a restatement of then pending and therefore now settled claims.

{¶ 5} Appellants appealed only this judgment and assigned the following assignment of error for our review.

The trial court abused its discretion by denying appellants' motion for sanctions for frivolous conduct.

{¶ 6} Appellants bring this appeal from their post-judgment motion for sanctions that was filed pursuant to R.C. 2323.51 rather than Civ.R. 11. Accordingly, we address sanctions only under R.C. 2323.51. Sanctions under R.C. 2323.51 and orders denying such sanctions are reviewed for an abuse of discretion. *Internatl. Union of Operating Eng., Local 18 v. Laborers' Internatl. Union of N. Am., Local 310*, 2017-Ohio-1055, ¶ 10 (8th Dist.). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way, in regard to a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 7} Frivolous conduct is defined under R.C. 2323.51(A)(2)(a) as

(a) Conduct of . . . [a] party to a civil action . . . or other party's counsel of record that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of

existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶ 8} For frivolous conduct to be sanctionable under R.C. 2323.51, the conduct must be egregious. *State ex rel. DiFranco v. S. Euclid*, 2015-Ohio-4915, ¶ 15. And frivolous conduct is not proven "merely by winning a legal battle or by proving that a party's factual assertions were incorrect." *Id*. at ¶ 15, citing *Ohio Power Co. v. Ogle*, 2013-Ohio-1745, ¶ 29-30 (4th Dist.) Moreover, "the fact that a legal claim was unsuccessful does not, in and of itself, warrant sanctions." *Local 18* at ¶ 16, citing *Halliwell v. Bruner*, 2000 Ohio App. LEXIS 5896, *24 (8th Dist. Dec. 14, 2000).

{¶ 9} In their sole assignment of error, Appellants argue that the trial court erred in denying their renewed motion for sanctions because Hall allegedly "pursued claims that she knew or should have known lacked any factual basis and legal merit." They argue that the counterclaim and third-party claim were filed "for the purpose of allowing her to continue to stay at the Premises beyond the parties' agreed-to vacate date . . . [and] to increase MAZCleveland's litigation costs . . . [and] refused to turn over the possession of the Premises to MAZCleveland after she vacated[.]"

Appellants, in conclusory manner, provide that Hall's conduct was egregious. Appellants also contend that a hearing was required.

{¶ 10} These assertions do not demonstrate that Hall's conduct was egregious. Appellants' evidence that this conduct was frivolous and egregious is (1) that summary judgment was granted in their favor and (2) because Hall admitted that she did not read the contract, which Appellants felt invalidated her entire claim. However, pursuant to *DiFranco*, winning the motion for summary judgment or demonstrating that a party's factual assertions were incorrect does not necessarily prove egregious conduct. Moreover, "[a] determination of frivolous conduct [under R.C. 2323.51] applies an objective standard and is ascertained 'without reference to what the individual knew or believed.'" *Ditech Fin. L.L.C. v. Kudroff*, 2018-Ohio-4422, ¶ 12 (8th Dist.), citing *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 22 (8th Dist.), citing *Ceol v. Zion Indus., Inc.*, 81 Ohio App.3d 286, 289 (9th Dist. 1992).

{¶ 11} Appellants have not cited any caselaw demonstrating that similar conduct was found to be egregious, nor have they cited any caselaw or evidence demonstrating that the trial court erred in initially finding that Hall's claims were not frivolous, or that something changed between that ruling and this motion's filing. Based on the foregoing, we cannot say that the trial court abused its discretion in determining that Appellants did not withstand their burden of demonstrating that Hall's conduct rose to the level of frivolous and egregious conduct.

{¶ 12} We now turn to Appellants' contention that a hearing was required.

{¶ 13} In support of their claim that the trial court was required to hold a hearing on this matter, Appellants rely on *D.L.M. v. D.J.M.*, 2019-Ohio-4574 (8th Dist.). Their reliance is unpersuasive because *D.L.M.* dealt with sanctions via Civ.R. 11. They also refer to us to *Ditech* where, in holding that the court should have held a hearing, we explained that

> [a]s a general rule, the trial court is not required to hold a hearing before denying a motion for sanctions "when the court determines, upon consideration of the motion and in its discretion, that [the motion] lacks merit." *Pisani v. Pisani*, 101 Ohio App.3d 83, 88, 654 N.E.2d 1355 (8th Dist.1995). However, this court has found that a trial court abuses its discretion when it arbitrarily denies a motion for sanctions. *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130; *Lakeview Holding (OH), L.L.C. v. Haddad*, 8th Dist. Cuyahoga No. 98744, 2013-Ohio-1796. In *Bikkani*, this court held that a trial court abuses its discretion by denying a motion for sanctions without a hearing if either the "record clearly evidences frivolous conduct" or "an arguable basis exists for an award of sanctions." *Id.* at ¶ 31.

*Ditech*, 2018-Ohio-4422 at ¶ 10 (8th Dist.).

{¶ 14} Unlike *Ditech*, the case herein is factually and procedurally different. Here, the trial court had already heard and decided the exact arguments that were raised in the initial motion for sanctions. Appellants did not appeal this final judgment, and in filing their motion under R.C. 2323.51 instead of Civ.R. 11, attempted to relitigate a claim that the trial court had already expressly denied, finding Hall's claims were not frivolous nor egregious. This in and of itself demonstrates that the trial court did not "arbitrarily" deny Appellants' motion. Moreover, a hearing is not required where "the court has sufficient knowledge of the underlying facts and circumstances." *Assunta Rossi Personalty Revocable Living*

*Trust v. Keehan,* 2025-Ohio-2694, ¶ 32 (8th Dist.), citing *Walters v. Carter*, 2020-Ohio-807, ¶ 17 (8th Dist.). Appellants have not demonstrated that the trial court lacked knowledge of certain facts and circumstances when it ruled on Appellants' motion. In fact, nearly all of Appellants' cited grounds for sanctions related to facts that were presented to the court through various pleadings, including motions to dismiss and summary judgment, all filed prior to the initial motion for sanctions. The basis for the initial motion for sanctions had not changed since the filing of the second motion. Accordingly, we find that Appellants have not demonstrated that the trial court abused its discretion or acted arbitrarily in denying the renewed motion for sanctions. Appellants' sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EMANUELLA D. GROVES, P.J., and
ANITA LASTER MAYS, J., CONCUR